**STATE of Minnesota, Appellant,**

v.

**David Charles DeSART, Respondent.**

**No. C0–84–1352.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Paul G. Morreim, Freeborn County Atty., Albert Lea, for appellant.

John T. Hareid, ALbert Lea, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by the State of Minnesota pursuant to Rule 28.04 of the Minnesota Rules of Criminal Procedure challenging a pretrial order of the Freeborn District Court. The trial court dismissed a charge against respondent DeSart for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subds. 1(a) and (d) (1982). The trial court concluded the arresting officer did not have sufficient reasons for stopping respondent's motorcycle and, as a result, suppressed all evidence obtained subsequent to the stop. We reverse and remand for trial.

## FACTS

On May 18, 1984, at approximately 2:00 a.m., a trooper of the Minnesota Patrol and a Freeborn County deputy drove to Pickerel Lake Park to investigate cars in the park in violation of the 10:00 p.m. closing time. They observed two motorcycles in the vicinity of the stop sign where the park entrance intersects Highway 69. The stop sign is approximately 300 feet from the gate to the park. Neither officer knew whether the gate was open or closed or whether the drivers of the motorcycles had actually been in the park.

As the officers approached the park, the motorcycles left the park and drove North on Highway 69, one motorcycle accelerating rapidly to approximately 80 m.p.h. The Freeborn County deputy pursued this motorcycle and called the trooper to stop the other motorcycle, which was driven by DeSart.

DeSart was not speeding, nor did he run the stop sign at the entrance of the park.

He was first seen in the vicinity of the intersection of the entrance and Highway 69. While being pursued by the trooper, however, DeSart failed to signal for a right turn. The illegal right turn was after the trooper decided to stop DeSart but before he activated his red lights.

After the stop, the trooper saw DeSart stagger as he walked from the cycle and could smell alcohol on DeSart. DeSart was placed under arrest for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subds. 1(a) and (d) (1982).

Based on the above facts, the trial court concluded the officer was unable to articulate reasonable grounds for stopping DeSart and therefore all evidence obtained subsequent to the stop was in violation of DeSart's constitutional rights and must be suppressed. The State appealed.

### ISSUE

Did the officer have specific and articulable facts which would justify an investigatory vehicle stop?

### ANALYSIS

■ The United States Supreme Court has adopted the following standard for reasonable investigative stops:

[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.

*Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *see State v. Menard*, 341 N.W.2d 888, 890 (Minn.Ct. App.1984). "Minnesota case law shows how very low the threshold is to stop a vehicle in order to carry out the duty to investigate possible violations of the law." *State v. Claussen*, 353 N.W.2d 688, 690 (Minn.Ct.App. August 28, 1984).

■ Minnesota has adopted the "totality of the circumstances" test in determining "whether the police who made the stop are able to articulate at the omnibus hearing that they had a 'particularized and objective basis for suspecting the particular persons stopped of criminal activity.'" *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983).

All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity.

*State v. Johnson*, 257 N.W.2d 308, 309 (Minn.1977). Only one observation may be sufficient to justify a stop. In *State v. Barber*, 308 Minn. 204, 241 N.W.2d 476 (1976), an observation that a car's license plates were wired rather than bolted on justified the officer's decision to stop the vehicle and investigate. The Minnesota Supreme Court upheld the stop, stating:

Here, the facts, together with the reasonable inferences an experienced police officer could draw therefrom, justify the minimal intrusion upon defendant's rights.

*Id.* at 207, 241 N.W.2d at 477.

■ In this case the stop was not based on mere "whim, caprice, or idle curiosity." The trooper was responding to a call that there were cars in the park in violation of the 10:00 p.m. closing time. As he approached the park, the trooper observed two motorcycles in the vicinity of the park entrance. Because that road leads only to the park, DeSart's route was such that it would not likely be taken by one who intended merely to pass by the park. In addition, it was late at night and, when the trooper approached the bikes, a companion of DeSart accelerated in an apparent attempt to escape. The trooper could reasonably believe that DeSart had been in the park illegally.

■ The trooper also observed DeSart make a right turn without signaling in violation of Minn.Stat. § 169.19, subd. 5 (1982). Although the decision to stop DeSart was made prior to the illegal right turn, the actual stop was subsequent thereto. When the trooper made his decision to stop DeSart does not matter. The finding of "specific and articulable facts" is an objective determination. *See State v. Speak*, 339 N.W.2d 741, 745 (Minn.1983).

Based on the totality of the circumstances, the investigatory stop was constitutional.

## DECISION

The officer had specific and articulable facts which justified an investigatory vehicle stop.

Reversed and remanded for trial.