Dean Dwayne O'NEILL, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C4-84-1354.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Stephen R. O'Brien, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Appellant, Dean O'Neill, appeals from an order of the district court revoking his driving privileges, on the grounds that the arresting officer had insufficient reason to make an investigatory stop of his vehicle, and that the officer had insufficient probable cause for arrest. We affirm.

## FACTS

On March 31, 1984, Mary Mielke, a Hennepin County Park Reserve officer and a certified police officer, was on routine patrol near Wilkie Park. The park is closed after dark, and it is illegal to be in the park when it is closed. A fishing access road leading to a public lake is open twenty-four hours a day. It is not illegal to use this road after dark, and there is no prohibition against fishing at night.

At about 1:30 a.m., Officer Mielke observed two vehicles on the road leading out of the park. The vehicles, while on an access road for fishing, were not pulling fishing boats. The officer had assisted in breaking up an illegal party in the park approximately three and one-half hours earlier, and decided to stop the vehicles to investigate whether the party had resumed.

After stopping the vehicles, the officer observed appellant behind the wheel in the second vehicle. She detected a strong odor of alcohol, slightly slurred speech, and red eyes, and arrested him for driving while under the influence of alcohol.

Appellant requested judicial review of the proposed revocation of his driver's license, contesting the sufficiency of the reasons for the initial stop and probable cause for arrest. The trial court found that the initial stop was justified, and that there was probable cause to support appellant's arrest.

## ISSUES

1. Did the police officer articulate specific facts which, together with rational inferences from those facts, warranted a

brief investigatory stop of appellant's vehicle?

2. Did the police officer have sufficient probable cause to arrest appellant?

## ANALYSIS

 1. To make an investigatory stop, a police officer must have a "specific and articulable suspicion of a violation before the stop will be justified." *Marben v. State*, 294 N.W.2d 697, 699 (Minn.1980), *citing Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Marben* quoted the following standard with approval:

It should be emphasized that the factual basis required to support a stop for a "routine traffic check" is minimal. An actual violation of the Vehicle and Traffic Law need not be detectable. For example, an automobile in a general state of dilapidation might properly arouse suspicion of equipment violations. All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion."

*Id.* at 699, *quoting Terry*, 392 U.S. at 21, 88 S.Ct. at 1879.

This court must consider the totality of circumstances. *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983). In addition, trained law-enforcement officers may make "inferences and deductions that might well elude an untrained person." *Id., quoting United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

In this case, the officer articulated specific facts which, together with rational inferences from those facts, warranted a brief investigatory stop of appellant's vehicle. There had been an illegal party in the vicinity three and one-half hours earlier, the vehicles, while on an access road for fishing, were not pulling fishing boats, and it was 1:30 in the morning. These facts could lead to inferences that the illegal party had continued. *See State v. DeSart*, 357 N.W.2d 416 (Minn.Ct.App.1984).

2. The second issue is whether the officer, once the stop occurred, had sufficient probable cause for the arrest. The police officer must observe one or more indicia of intoxication to form probable cause sufficient to arrest a person for driving while under the influence of alcohol. *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363, 365 (Minn.Ct.App.1983).

In this case, the officer observed that appellant's speech was slurred, his eyes were bloodshot, and there was an odor of alcohol about him. There was sufficient probable cause to invoke the implied consent law. *State v. Olson*, 342 N.W.2d 638, 641 (Minn.Ct.App.1984).

## DECISION

The arresting officer was able to articulate specific facts which justified an investigatory vehicle stop, and had sufficient probable cause to arrest appellant.

Affirmed.