STATE of Minnesota, Appellant,

v.

**Donna Mae TOTTENHAM, Respondent.**

No. C4-85-215.

Court of Appeals of Minnesota.

May 28, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Marcia Rowland, Carver County Atty., Kenneth N. Potts, Asst., Chaska, for appellant.

Thomas J. O'Connor, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal by the State pursuant to Minn.R.Crim.P. 28.04, subd. 2(2) of a trial court order dismissing gross misdemeanor DWI charges against the respondent because of an unconstitutional auto-

mobile stop. We reverse and remand for trial.

## FACTS

On Saturday, August 18, 1984 Carver County deputy sheriff Timothy O'Rourke received a domestic disturbance complaint at about 1:20 p.m. He went to Chanhassen where he learned that respondent Donna Mae Tottenham had been yelling obscenities at a neighbor. O'Rourke talked to Tottenham for about ten minutes and noticed her balance was unsteady and her speech was slurred. O'Rourke believed Tottenham was very intoxicated.

Around 3:00 p.m. when O'Rourke's shift ended, he spoke to Deputy Larry King and advised King of the domestic disturbance. He told King Tottenham was intoxicated and cautioned that Tottenham may have a gun. Shortly after 3:00 p.m. King received information from the dispatcher that Tottenham's vehicle had been seen leaving her residence. King left to locate Tottenham's van. Between 3:30 and 4:00 p.m. he located her van in a parking lot behind several businesses in Chanhassen. King believed Tottenham had gone to Pauly's Bar. He continued to patrol the area and around 4:30 p.m. he saw Tottenham get into her van and drive off. King pulled her over. Tottenham ultimately refused to take a chemical test and was charged with gross misdemeanor DWI because she had a limited driver's license and had two prior recent DWI convictions.

## ISSUE

Was respondent lawfully stopped?

## ANALYSIS

■ The test for determining the validity of an automobile stop is "whether the police had a particularized and objective basis for suspecting the driver or passenger(s) of criminal activity." *State v. L'Italien,* 355 N.W.2d 709, 710 (Minn.1984) (citing *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Mallory,* 337 N.W.2d 391 (Minn.1983); *State v. McKinley,* 305 Minn. 297, 232 N.W.2d 906 (1975)). Deference must be given to trained police officers who are permitted to make inferences and deductions which might well elude untrained persons. *State v. Kvam,* 336 N.W.2d 525, 528 (Minn.1983).

Here King received information from O'Rourke that Tottenham was intoxicated and King understood that O'Rourke had seen Tottenham within the last two hours. Around 3:00 p.m. King received a report that Tottenham was seen driving and he immediately went to look for her. There is nothing capricious about this decision. He found Tottenham's van in a parking lot near an area containing two bars, a bottle shop, a chiropractor's office and some apartments. About 30 minutes later after further patrolling he saw her leave the parking lot in her van. King believed that Tottenham was intoxicated and had driven to a local bar and had consumed more alcoholic beverages there. This inference was rational because it was reasonable for King to infer that Tottenham had gone to a bar or some other business serving intoxicating liquor. Further, given King's information that Tottenham was intoxicated about 1:30 in the afternoon, he was reasonably suspicious that she had continued drinking.

■ While King saw no erratic driving, erratic driving need not be seen to stop an automobile as long as the officer can point to facts that reasonably raised his suspicions. *O'Neill v. Commissioner of Public Safety,* 361 N.W.2d 471 (Minn.Ct. App.1985). Under the circumstances here, the trial court erred in concluding the police officer lacked any reasonable suspicion to stop Tottenham's van because the officer had a reasonable basis for suspecting Tottenham violated Minn.Stat. § 169.121 (1984).

## DECISION

The stop of respondent's van was constitutional; the criminal charges against re-

spondent must be reinstated and the matter remanded for trial.

Reversed and remanded for trial.