STATE v. JOHNNY WALKER, JR.
STATE v. BURTRANCE HENNINGS.

232 N. W. 2d 212.

July 11, 1975—Nos. 44637, 44653.

*C. Paul Jones,* State Public Defender, for appellants.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Michael McGlennen, David W. Larson,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent.

Per Curiam.

After a joint trial, defendants were found guilty by a district court jury of aggravated robbery of the Ambassador Motel in St. Louis Park, Minn. St. 609.245, and sentenced to maximum indeterminate terms of

20 years' imprisonment. They both contend on appeals from judgments of conviction that (1) the trial court erred in holding at the Rasmussen hearing that their arrests were valid, (2) the trial court erred in permitting a supplementary midtrial Rasmussen hearing, and (3) the evidence of their participation in the crime was insufficient as a matter of law. After careful consideration of these contentions, we affirm.

1. Defendants' first contention—that the police violated their Fourth Amendment rights—has no merit. The evidence shows that within moments after receiving a report that two black, armed robbers had just left the Ambassador Motel, which is located on·the south service road to Highway No. 12 in St. Louis Park, an officer of the St. Louis Park Police Department observed an automobile driven by a black man two blocks from the motel on the south service road. Because the vehicle was apparently coming from the direction of the motel, the officer stopped the automobile to investigate. While talking with the driver, defendant Hennings (who left the automobile with the motor still running), the officer moved toward the right side of the automobile, looked in, and saw a second person, also black, crouched down in the front seat on the passenger side. The officer then drew his service revolver, ordered this man out of the car, and placed the two under arrest. While dealing with these two men, the second one being defendant Walker, the officer detected a third man in the back seat and ordered him out, but this man slipped into the front seat and drove off. Although the officer hit the fleeing automobile with shots from his gun which caused it to crash, the driver managed to escape and his identity was never discovered.

Two United States Supreme Court cases are helpful in considering the first issue. They are Adams v. Williams, 407 U. S. 143, 92 S. Ct. 1921, 32 L. ed. 2d 612 (1972), and Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868, 20 L. ed. 2d 889 (1968), in which the Supreme Court held that police, with reasonable suspicion that certain persons possibly may be involved in criminal activity, may make investigatory stops even though the officers do not have probable cause to arrest. The court in the Adams case made the following observations on investigatory stops relevant to our case:

"In *Terry* this Court recognized that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' [Terry v. Ohio, 392 U. S. 1, 22, 88 S. Ct. 1868, 1880, 20 L. ed. 2d 889, 906]. The Fourth Amendment does not require a policeman who lacks the precise level of information

necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. * * * A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." 407 U. S. 145, 92 S. Ct. 1923, 32 L. ed. 2d 616.

In the instant case the officer clearly had reasonable ground to believe that the robbers left the scene in an automobile, since the location of the motel is such that if one were to rob it, one would likely use an automobile to flee from the scene. Although the officer did not have any idea what type of automobile was used, he knew that the robbers were black, that they probably had just left the motel, and that one of the likely escape routes they would take would bring them to the intersection where he first saw Hennings' automobile. Thus, when moments after receiving the dispatch he saw an automobile driven by a young black man and positioned at the intersection in a manner indicating that it had come from the motel area, he certainly had reasonable ground to stop the car, although not probable cause to arrest. We believe that it is in just such a circumstance that the police should have authority to make an investigatory stop, and we therefore hold that the stop was proper. The subsequent arrests were proper because of the events occurring after the stop.

2. The second issue relates to the fact that the trial court permitted a supplementary Rasmussen hearing during the course of the trial at which the court ruled admissible against defendant Walker a certain item of evidence seized from defendant Hennings' automobile. We believe that the prosecutor's failure to note the item at the pretrial Rasmussen hearing was unintentional and inadvertent and that defendant was not prejudiced by the supplementary hearing and that, under all of the facts, the trial court did not err in refusing to suppress the item. State v. Kluck, 299 Minn. 161, 217 N. W. 2d 202 (1974).

3. It would not serve any useful purpose to detail the evidence against defendants. Suffice it to say, we have read the transcript carefully, and there is absolutely no merit to the claims of defendants that the evidence of their intentional participation in the robbery was insufficient as a matter of law.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.