**STATE of Minnesota, Respondent,**

v.

**Raymond A. SMITH, Appellant.**

**No. C7–82–33.**

Supreme Court of Minnesota.

March 11, 1983.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Robert F. Carolan, County Atty., and Richard A. Enga, Asst. County Atty., Hastings, for respondent.

KELLEY, Justice.

Following a jury trial, defendant was convicted of aggravated robbery, two counts of assault in the second degree, possession of a pistol without a permit, and possession of a pistol by a felon. The trial court sentenced defendant to 72 months in prison for the aggravated robbery. On this appeal from judgment of conviction defendant challenges the legality of the stop that led to his arrest and the discovery of evidence against him and he also claims that the trial court prejudicially erred in admitting in-court identification testimony which he contends was tainted by impermissibly suggestive identification procedures. We affirm.

In *State v. McKinley*, 305 Minn. 297, 232 N.W.2d 906 (1975), which is the leading Minnesota case on stopping motor vehicles, we held that a motor vehicle stop must be based on specific and articulable facts which, taken together with rational inferences therefrom, provide an objective reasonable basis for the stop. Subsequent cases of the United States Supreme Court have approved this standard. In this case the police had an objective reasonable basis for suspecting that the occupants of the car in which defendant was a passenger had been involved in the commission of a robbery moments earlier. The police were therefore justified in stopping the vehicle. *See State v. Walker*, 304 Minn. 590, 232 N.W.2d 212 (1975), which is closely in point.

Our examination of the record also satisfies us that no prejudicial error was committed in admitting the in-court identification testimony challenged on due process grounds. The test for admission of in-court identification testimony (as well as testimony concerning a pretrial identification) which is challenged on due process grounds is whether the identification procedures used created a very substantial likelihood of irreparable misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). A consideration of all the relevant factors mandates the conclusion that the identification procedures used in this case did not create a very substantial likelihood of irreparable misidentification.

Affirmed.