STATE of Minnesota, Appellant,

v.

**Brian Dale CLAUSSEN, Respondent.**

**STATE of Minnesota, Appellant,**

v.

**Tammy Lynn CLAUSSEN, Respondent.**

**STATE of Minnesota, Appellant,**

v.

**Patricia Ann JOHNSON, Respondent.**

**Nos. C0–84–668, C2–84–669 and C9–84–670.**

Court of Appeals of Minnesota.

Aug. 28, 1984.

 

Hubert H. Humphrey, III, State Atty. Gen., Paul G. Morreim, Freeborn County Atty., Jeffrey B. Ring, Asst. County Atty., Albert Lea, for State.

Phillip A. Kohl, Albert Lea, for Brian Dale Claussen.

Jamie Kyllo, Albert Lea, for Tammy Lynn Claussen.

Mark A. Anderson, Albert Lea, for Patricia Ann Johnson.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This case is a consolidated appeal by the state from an order of the Freeborn County District Court dismissing respondents' cases because police had insufficient cause for a *Terry* stop of respondents' vehicle. We reverse.

## ISSUE

Did the officers have reasonable suspicion of criminal activity sufficient to justify the stop of respondents' vehicle?

## FACTS

While on patrol during a snow storm, Deputies Villarreal and Harig came upon a car stopped in the middle of a county road. The car was stopped in a high crime area where there had been neighborhood complaints about parties, alcohol consumption by juveniles, thefts and littering.

As the officers approached the car, they observed a person standing beside the car urinating. The person quickly got in the car and the car pulled away as the officers approached.

The officers stopped the car. They observed open beer bottles in the car and charged respondents with violating Minn. Stat. § 169.122 (1982).

The respondents' attorneys moved for dismissal of the cases and suppression of evidence. The three cases were consolidated for purposes of the evidentiary hearing. The trial court concluded that all three cases should be dismissed because the officers did not have sufficient cause to make the initial investigatory stop. The state appeals the order of the trial court.

## ANALYSIS

In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court enunciated the following standard for reasonable investigative stops.

[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.

*Id.* at 21, 88 S.Ct. at 1880. *See State v. Menard*, 341 N.W.2d 888 (Minn.Ct.App. 1984), *State v. Pleas*, 329 N.W.2d 329 (Minn.1983), and *State v. Hodgman*, 257 N.W.2d 313 (Minn.1977).

■ The trial court's ruling is inconsistent with the *Terry* standard as applied by our courts. Minnesota case law shows how very low the threshold is to stop a vehicle in order to carry out the duty to investigate possible violations of the law.

The case of *State v. Barber*, 308 Minn. 204, 241 N.W.2d 476 (1976), illustrates how only one observation may lead to the inference of criminal activity. The officer in *Barber* noted that license plates were wired rather than bolted onto the vehicle. Suspecting that the plates might belong to an automobile other than the one being driven, the officer decided to stop the vehicle and investigate. The Minnesota Supreme Court upheld the constitutionality of the stop, concluding that: "Here, the facts, together with the reasonable inferences an experienced police officer could draw therefrom, justify the minimal intrusion upon defendant's rights." 241 N.W.2d at 477.

■ In the case at bar, the deputies observed a car stopped in the center of the road just outside of' town, in blizzard-like conditions, and observed a person urinating. Given their observations, the deputies could reasonably infer that the defendants were drinking and had open bottles in their car. Their suspicion required very little time to investigate—a minimal intrusion upon defendants' rights.

More recently the Minnesota Supreme Court has applied the analysis set forth in the case of *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), in determining whether an investigative vehicle stop is constitutional. *See State v. Kvam*, 336 N.W.2d 525 (Minn. 1983), and *State v. Mallory*, 337 N.W.2d 391 (Minn.1983). *See also State v. Menard*, 341 N.W.2d 888 (Minn.Ct.App.1984) (probable cause is not required).

■ Courts must consider "the totality of the circumstances" in determining "whether the police who made the stop are able to articulate at the omnibus hearing that they had a 'particularized and objective basis for suspecting the particular persons stopped of criminal activity.' " *Kvam*, 336 N.W.2d at 528. In addition, the circumstances must be viewed from the perspective of a trained law enforcement officer who is permitted to make "inferences and deductions that might well elude an untrained person." *Id., Kvam, citing United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

Viewing the observations of the deputies in this case as a whole, from the perspective of law enforcement officers, we hold that the investigatory stop was constitutional. The following observations created an articulable suspicion that persons in a car were drinking: (1) late at night the car was stopped in the middle of the road in an area where there had been complaints about teenage drinking; (2) in the middle of a blizzard a person was standing in the road by the car and was urinating; and (3) when police approached, the person hurriedly got into the car and it pulled away.

Defendants do not challenge the trial court's findings that the officers did have reasonable and probable grounds to search the vehicle and to seize the beer bottles found therein, and that statements made by the defendants were not made in violation of any of their constitutional rights and could be used by the state at time of trial.

## DECISION

The order dismissing the cases is reversed and the entire matter is remanded for trial.