STATE of Minnesota, Respondent,

v.

Steven L'ITALIEN, Appellant.

No. C2-83-483.

Supreme Court of Minnesota.

Oct. 12, 1984.

Review Denied Nov. 8, 1984.

C. Paul Jones, Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert W. Kelly, Washington County Atty., Stillwater, for respondent.

KELLEY, Justice.

Defendant was charged in district court with burglary, Minn.Stat. § 609.58, subd. 2(3) (1982). The omnibus court denied defendant's motion to suppress and defendant waived his right to a jury trial. After a short trial, at which defendant did not call any witnesses, the trial court found defendant guilty as charged. The trial court then sentenced defendant to an executed prison term of 32 months, which is the presumptive sentence for the offense by a person with a criminal history score of five. On this appeal, defendant argues that the trial court erred in denying his motion to suppress and erred in denying his motion to reopen the omnibus hearing. Defendant contends that the motion to suppress should have been granted because the stop which led to his arrest was illegal. He contends that the motion to reopen should have been granted because the public defender did not represent him effectively at the omnibus hearing. We affirm.

The burglary, of Nadeau's Market in Hugo on November 20, 1982, was interrupted when the son of the owners entered the store at approximately 5:45 a.m. Upon discovering the burglary, he went upstairs, where his parents lived, and told them. His father looked out the window and saw a man get into a light-colored van and drive out of the lot, turning south onto Highway 61 toward White Bear Lake. The father called the sheriff's office, which broadcast

a dispatch. This dispatch was received by a White Bear Lake police officer, who immediately drove north on Highway 61 looking for the described vehicle. Traffic was so light that he saw only two vehicles, one being a light-colored van driven by defendant and coming from the north. The officer stopped the van and, after obtaining more information which gave him probable cause to believe that defendant was the burglar, arrested defendant and ordered the van towed and impounded. A subsequent warranted search of the van resulted in the discovery of money taken in the burglary.

1. Defendant's first contention is that the stop which led to his arrest was illegal. The test for determining the legality of a stop of a motor vehicle is whether the police had a particularized and objective basis for suspecting the driver or passenger(s) of criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Mallory*, 337 N.W.2d 391 (Minn.1983); *State v. McKinley*, 305 Minn. 297, 232 N.W.2d 906 (1975). For a full discussion of the cases dealing with the particular issue of the stop of a motor vehicle near the scene of a recent crime, see 3 W. LaFave, *Search and Seizure* § 9.3(d) (1978). Minnesota cases dealing with the stop of a motor vehicle near the scene of a recent crime include *State v. Mallory*, 337 N.W.2d 391 (Minn.1983), and *State v. Walker*, 304 Minn. 590, 232 N.W.2d 212 (1975). We hold that the police had a sufficient basis for stopping defendant.

2. Defendant's other contention is that his public defender failed to represent him adequately at the omnibus hearing and that the trial court erred in refusing defendant's pro se request to reopen the omnibus hearing. This contention is without merit.

Affirmed.