Ronald Rodney CONRADY,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C6–86–1053.

Court of Appeals of Minnesota.

Dec. 9, 1986.

J. Patrick Leavitt, Jr., Shakopee, Michael W. McDonald, Prior Lake, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Respondent's driving privileges were revoked for an implied consent violation, and he petitioned for judicial review. The trial court rescinded the revocation, and the Commissioner of Public Safety appeals. We reverse and remand.

## FACTS

Scott County Deputy Sheriff Richard Breu first observed respondent Ronald Rodney Conrady on September 8, 1985, at approximately 10:00 p.m. while crossing the street. Nothing about the manner in which respondent crossed the street attracted Breu's attention. Breu next saw respondent leaning against a vehicle parked in front of a bank. He observed him for thirty to forty seconds. Respondent appeared to be either leaning against the vehicle in a head down position or leaning against the vehicle and urinating.

Because he was unable to determine what respondent was doing, Breu drove past, drove around the block, and came back for a second look. He saw that respondent had gotten into the vehicle, started it, and pulled out into the center of Holmes Street. The vehicle stopped and the lights went out. The vehicle was not in a legal parking position; it was in a portion of the road reserved for moving traffic.

The vehicle restarted, the lights went back on, and the vehicle went down an alley. Breu followed the vehicle through the alley, and observed it was having a difficult time staying in the track or travel portion of the alley. Breu was unsure of the condition of the vehicle or driver at that time. Respondent drove several more blocks, and Breu then stopped him.

Officer Breu, who was less than two feet from respondent, noticed a strong odor of alcohol and observed that respondent was having a difficult time maintaining a normal balance. Breu did not have respondent perform any field sobriety tests, but he did attempt to administer a preliminary screening test, which respondent refused to take. The officer formed the opinion that respondent was intoxicated. He transported respondent to the Scott County jail for further testing, and charged him with DWI. The trial court found insufficient probable cause for the stop, and granted respondent's motion to dismiss the case.

## ISSUE

Did the trial court apply the proper standard of law when it determined the legality of the stop?

## ANALYSIS

It appears that the trial court based its rescission of the revocation on the

determination that there was insufficient probable cause for the stop. If so, application of a probable cause standard to determine whether a stop is lawful is erroneous. *Holstein v. Commissioner of Public Safety*, 392 N.W.2d 577, 579 (Minn.Ct.App. 1986). Instead, the proper inquiry is whether the officer can articulate a "particularized and objective basis for *suspecting* the particular persons stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981) (quoted in *Berge v. Commissioner of Public Safety*, 374 N.W.2d 730, 732 (Minn.1985)) (emphasis added in *Berge* ). The officer must consider all the circumstances, and can draw inferences and make deductions which might elude the untrained person. *Cortez*, 449 U.S. at 418, 101 S.Ct. 695; *Berge*, 374 N.W.2d at 732.

■ It is unclear whether the trial court used the correct standard for determining the legality of the stop and merely mistakenly referred to a probable cause standard, or whether it erroneously used a probable cause standard. We hold that the language employed by the court is sufficiently ambiguous that a remand for a redetermination using the correct standard is appropriate.

A transcript of the hearing shows the following conversation between the court and defense counsel:

THE COURT: All right. Mr. Leavitt any cross-examination.

MR. LEAVITT: I don't think he showed probable cause at this time, so I make a motion to dismiss.

THE COURT: I didn't hear the last part of it.

MR. LEAVITT: I make a motion to dismiss now on the direct.

THE COURT: All right. For lack of probable cause?

MR. LEAVITT: That's right.

Then both counsel made their arguments to the court with appellant ending up by stating:

[W]e believe that the record so far shows probable cause as a matter of law and would request that the motion be denied.

The court then stated:

I think you're right as far as black letter law is concerned, all reasonable inferences, and it doesn't take very much to have *probable cause to stop*, but he didn't have very much here either. The question is whether he got enough. Somebody leaning on a pickup with his head down, maybe he's urinating, maybe he isn't. His car stopped. Anybody's car could stop in the middle of Fuller Street. The natural thing would be if your car stopped you would take the lights off so you don't drain the battery while you're starting it. Start it, lights went on, then he went through the alley. And the Court can take judicial notice of the condition of that alley.

Now, as far as I'm concerned, *there isn't sufficient probable cause here* and I'm granting the motion. That's it.

(emphasis added).

The Commissioner argues that a remand is not necessary because the facts provide a sufficient basis for a stop as a matter of law. *See Berge*, 374 N.W.2d at 732. We disagree and hold that on these facts remand is appropriate. Trial courts normally make the determination of whether there was articulable suspicion. *Holstein*, 392 N.W.2d at 580. The trial court here, as in *Holstein*, rejected portions of the officer's testimony. Acceptance or rejection of oral testimony, either in whole or in part, based on the trier of fact's assessment of credibility, is reserved for the trier of fact, and an appellate court will not normally interfere.

Because of uncertainty as to which standard was used, we remand the case to the trial court for a determination as to whether the officer had articulable suspicion for the stop.

■ Appellant Commissioner also argues that the issue of the stop was not properly before the court. The Commissioner argued that respondent raised only the issue of "probable cause" and thus is precluded from arguing the propriety of a

stop on appeal. The Commissioner is correct that issues which are to be considered in an implied consent hearing must be raised in a petition for review or tried by consent. *See Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623, 625 (Minn. Ct.App.1984). However, although the petition for judicial review used the words "probable cause," it is clear that both the Commissioner and respondent understood that the propriety of the stop was the issue, and both sides argued it.

The Commissioner presented facts on the stop and the arrest. The parties and the court discussed the stop in terms of probable cause, but the facts behind the stop were attacked. Respondent did not really contest the officer's basis to administer the preliminary breath test, and did not really challenge the officer's testimony as to respondent's odor of alcohol and appearance.

Although the term "probable cause" was used, the evidence and arguments went to the issue of the stop. The trial court rescinded the revocation on the basis that there was insufficient probable cause for the stop, and the respondent's brief on appeal argues that there was insufficient probable cause for the stop. Although the standard was improperly referred to in terms of probable cause, it is clear from the facts elicited from the witness, the arguments, and the trial court's ruling that the stop issue was raised and decided.

## DECISION

The trial court's rescission of the revocation is reversed and the matter is remanded for a decision on the propriety of the traffic stop using the standard of articulable suspicion.

Reversed and remanded.