Eric William VANGSTAD,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C3–86–1785.

Court of Appeals of Minnesota.

April 14, 1987.

Michael F. Tello, Anoka, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Respondent's driving privileges were revoked pursuant to the implied consent law, and he petitioned for judicial review. The trial court rescinded the revocation, finding the Commissioner had not met his burden of proving probable cause. The Commissioner appeals from the trial court order. Respondent has not submitted a brief, and this matter will proceed pursuant to Minn. R.Civ.App.P. 142.03. We reverse.

## FACTS

On July 6, 1986, at 5:47 a.m., Officer Thomas Wells was dispatched to a convenience store where Officer Hart who was off-duty at the time was waiting with an intoxicated person who had been involved in an accident. Hart explained that he came upon respondent at the intersection of Hanson and Constance in Andover, and had driven him to the telephone at the convenience store. Wells testified that respondent appeared extremely intoxicated. He stumbled and needed help walking to the squad car, his speech was slurred and his eyes were watery. Wells also detected an odor of alcohol.

Wells then transported respondent to the scene of the accident, which was approximately a five minute drive. Respondent appeared confused as to the location of his vehicle, but Wells saw a black El Camino north of the "T" intersection at Hanson and Constance. Respondent stated that he was the owner of the vehicle. Respondent said he was alone in the car driving north on Hanson Boulevard and did not see the stop sign. Wells then advised respondent that he was placing him under arrest for driving while under the influence and read him the implied consent advisory.

Wells did not know what time the accident occurred and never saw respondent drive the vehicle. He did notice fresh tire tracks off the road and fresh mud on the car at the scene of the accident.

The trial court held that because there was no time frame established, the Commissioner did not meet his burden of proof, and rescinded the revocation of respondent's driver's license. The Commissioner of Public Safety appeals from the trial court's order.

## ISSUE

Did the officer have probable cause to believe that respondent was driving while under the influence?

## ANALYSIS

The implied consent statute requires that an officer must have probable cause to believe the person was driving while under the influence in order to require a test. Minn.Stat. § 169.123, subd. 2(a) (Supp. 1985). The sole issue at the implied consent proceeding was whether the officer had probable cause. The trial court rescinded the revocation because it determined that the Commissioner had not met his burden of establishing a time frame.

 Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect is guilty. *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984). It must be viewed from the point of view of a prudent and cautious police officer on the scene. *State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 330–31, *cert. denied*, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963). Trained law enforcement officers may make inferences and deductions that might elude an untrained person. *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983). The court must examine the totality of the circumstances to determine whether probable cause exists. *Eggersgluss v. Commissioner of Public Safety*, 393 N.W.2d 183, 185 (Minn.1986). There is no requirement that the officer testify explicitly as to the time of the accident. *Graham v. Commission-*

*er of Public Safety*, 374 N.W.2d 809, 811 (Minn.Ct.App.1985).

In this case, Wells was dispatched to the store and was told that Officer Hart was with a drunk person who had been involved in an accident. Wells observed that respondent exhibited indicia of intoxication, and respondent told him he had been driving when the accident occurred. At the accident scene, Wells saw fresh mud on the car. Considering the totality of the circumstances, Wells had probable cause to believe that respondent had been driving while under the influence.

## DECISION

The decision of the trial court rescinding the revocation of appellant's driving privileges is reversed.

Reversed.