**STATE of Minnesota, Appellant,**

v.

**Richard M. BERGER, Respondent.**

No. C8–87–738.

Court of Appeals of Minnesota.

Sept. 15, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Susan L. Estill, Krass & Monroe Chartered, Shakopee, for appellant.

Steve L. Bergeson, Bergeson, Kerr, Lander & McDonald, Jordan, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

The State of Minnesota appeals from a pretrial order dismissing DWI and open bottle charges against respondent. The trial court found the investigative stop was not legally justified because the officer stopped respondent's vehicle as part of a burglary investigation and failed to articulate specific and particularized facts for suspecting respondent's vehicle was involved in a burglary. Appellant characterizes the dismissal as one for lack of probable cause to stop respondent for the offense charged and claims (1) the pretrial order is appealable because it prevents further prosecution, and (2) the trial court erred in failing to find probable cause to stop respondent for the DWI offense charged. We affirm.

## FACTS

On October 4, 1986, at approximately 8:30 p.m., Officer Mark Hartman, on patrol from the Belle Plaine Police Department, observed a pickup driven by respondent Richard M. Berger. Hartman testified he observed the pickup traveling eastbound in the lane for westbound traffic; another vehicle traveling westbound had to swerve to the extreme right as it passed the pickup traveling in the oncoming traffic lane; he activated his red lights and the pickup pulled over; he approached the pickup and asked respondent to step out of the vehicle; as respondent did so, he fell back and rested on the side of the pickup; after identifying respondent from his driver's license, he led him back to the squad car; and that respondent staggered noticeably.

After respondent was seated in the squad car, Hartman went back to the vehicle and asked the two passengers to exit. The two passengers were identified as Arnie Wolf and respondent's 12–year-old son, John. As the passengers got out of the pickup, Hartman noticed a half-full beer can and bottle which were confiscated as evidence.

Hartman returned to the squad car and spoke with respondent. Hartman detected a strong odor of alcohol from respondent's breath and testified respondent's speech was slurred. Respondent failed the alcosensor test and poorly performed field sobriety tests at the scene. He was arrested and subsequently charged with DWI pursuant to Minn.Stat. § 169.121 and open bottle pursuant to Minn.Stat. § 169.122.

At the *Rasmussen* hearing, Arnie Wolf testified respondent did not cross over into the other lane of traffic and no other moving traffic was in the area. Wolf testified that earlier that day respondent purchased a snowmobile which was placed in the back of the truck. When he asked Hartman why he stopped respondent, Wolf testified Hartman stated he wanted to check out the snowmobile because a burglary had been reported.

John Berger also testified his father was driving in the right lane and there was no traffic in the area. John testified that when Hartman returned to the vehicle to talk to the passengers, Hartman asked where they bought the snowmobile. John also testified Hartman stated there was a burglary by the high school.

Respondent denied driving on the wrong side of the road and stated there was no other traffic on the street. Respondent also testified Hartman asked him where the snowmobile came from. Respondent stated Hartman told him there was a burglary down by the high school and that some garage had been broken into.

Hartman testified he was likely the only patrol on duty and did not recall a burglary that evening. Respondent testified, however, he heard a burglary reported over Hartman's walkie-talkie. In a post-trial memorandum submitted before the court's decision, appellant stated one burglary had been reported on the other side of town, and another burglary was reported after the stop.

The trial court specifically found:

That Officer Hartman stopped [respondent's] vehicle as part of an investigation of a burglary.

That Officer Hartman failed to articulate specific and particularized facts for suspecting [respondent's] vehicle was involved in a burglary.

That Officer Hartman's stop of [respondent's] vehicle was not legally justified. ·

In its memorandum, the court explained:

The greater weight of the evidence supports a finding that Officer Hartman stopped [respondent's] vehicle as part of an investigation of burglary. Since no particularized and objective basis was provided for an investigative stop of a person suspected of a burglary, the stop was unlawful.

The court therefore dismissed the DWI and open bottle charges against respondent. Appeal is made from the order of ·dismissal filed April 10, 1987.

## ISSUES

1. Is the pretrial order dismissing the complaint for lack of a particularized and objective basis for an investigative stop an appealable order?

2. Did the trial court clearly err in finding the investigative stop was not legally justified?

## ANALYSIS

1. The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from *any* pretrial order of the trial court *except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense* * * *.

Minn.R.Crim.P. 28.04, subd. 1 (emphasis added).

At the *Rasmussen* hearing, respondent moved to dismiss for an improper investigative stop. The parties agreed upon resolution of that motion there will be either a dismissal or plea. The issue before the trial court was then narrowed to determine whether the investigative stop was lawful.

Respondent concedes the trial court addressed the narrowed issue in this case, but argues the trial court also determined there was no probable cause to believe respondent committed an offense. He therefore argues the pretrial order is precluded from review pursuant to Minn.R.Crim.P. 28.04, subd. 1.

Appellant also claims the trial court determined lack of probable cause but argues this particular pretrial order is an exception to nonappealability because the dismissal "effectively defeats or prevents successful prosecutive action against [respondent]." *State v. Aarsvold*, 376 N.W.2d 518, 520 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985) (quoting *State v. Maki*, 291 Minn. 427, 428, 192 N.W.2d 811, 812 (1971)).

Nowhere in the trial court's order or attached memorandum does the court mention probable cause. The court consistently decided only the narrowed issue regarding the investigative stop. The standard to determine the validity of an investigative stop is lower than that regarding probable cause. *See State v. Claussen*, 353 N.W.2d 688, 690 (Minn.Ct.App.1984) (very low threshold to stop vehicle in order to investigate possible violations of law); *see also Berge v. Commissioner of Public Safety*, 374 N.W.2d 730, 733 (Minn.1985) (if stop lawful, then probable cause to arrest determined); *Holstein v. Commissioner of Public Safety*, 392 N.W.2d 577, 579 (Minn.Ct.App.1986) (police officer not required to have probable cause but articulable suspicion before making investigatory stop).

Because the trial court decided only the investigative stop issue and not whether the officer had probable cause to believe respondent committed an offense, the pretrial order dismissing the complaint is not excepted from appeal and therefore appealable under Minn.R.Crim.P. 28.04, subd. 1. ·

2. A limited investigative stop is lawful if the officer is able to articulate at the judicial hearing on the validity of the stop that he had a "particularized and objective basis for suspecting the particular person stopped of criminal activity."

*Appelgate v. Commissioner of Public Safety,* 402 N.W.2d 106, 108 (Minn.1987) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)). A trial court normally makes the determination of whether there was articulable suspicion. *Conrady v. Commissioner of Public Safety,* 396 N.W.2d 914, 916 (Minn.Ct.App.1986).

If the facts are undisputed, the issue would be whether the facts as a matter of law provide an adequate basis for stop. *See Berge,* 374 N.W.2d at 732. If the facts are disputed, however,

> [a]cceptance or rejection of oral testimony, either in whole or in part, based on the trier of fact's assessment of credibility, is reserved for the trier of fact, and an appellate court will not normally interfere.

*Conrady,* 396 N.W.2d at 916. The trial court's findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

> A trial court's finding is erroneous if this court, after reviewing the record, reaches the firm conviction that a mistake was made.

*State v. Kvam,* 336 N.W.2d 525, 529 (Minn. 1983).

Appellant similarly argues the trial court erred because the court should have determined probable cause to stop for DWI, the offense charged, and not burglary. Appellant improperly refers to probable cause to stop rather than a "particularized and objective basis" to stop. *See Conrady,* 396 N.W.2d at 917 (stop issue improperly referred to in terms of probable cause). As established previously, the court did not reach a probable cause issue because it determined the evidence did not meet the lower threshold justifying an investigative stop. In determining only the investigative stop issue, the court applied the correct standard. *See Appelgate,* 402 N.W.2d at 108; *Kvam,* 336 N.W.2d at 528.

In *Schulberg v. Commissioner of Public Safety,* 387 N.W.2d 225 (Minn.Ct.App. 1986), this court held the trial court's finding a police officer did not have a valid objective basis to stop the driver's car was based on a credibility determination and

that determination was not clearly erroneous. *Id.* at 227. In *Schulberg,* the trial court was faced with a credibility issue between the officer who stated he stopped the driver because he believed the driver was speeding, and a driver who insisted he was not speeding.

In this case, the trial court was faced with a similar credibility issue. Hartman testified he stopped respondent because he was driving in the wrong lane and another oncoming vehicle swerved to avoid him. Respondent, Wolf and respondent's 12–year-old son testified to the contrary and further testified Hartman stated he stopped respondent for a burglary investigation. After review of the record, it cannot be said with firm conviction that the trial court made a mistake in attributing greater weight to the testimony presented on respondent's behalf. The trial court's finding the stop of respondent's vehicle was not legally justified is therefore not clearly erroneous.

## DECISION

The pretrial order dismissing the complaint against respondent for lack of a particularized and objective basis for an investigative stop is an appealable order. The trial court did not clearly err in finding the investigative stop was not legally justified.

Affirmed.