**STATE of Minnesota, Respondent,**

v.

**Eugene A. DRISCOLL, Appellant.**

**No. C9–88–46.**

Court of Appeals of Minnesota.

Aug. 2, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Karl Lindquist, City Atty., East Grand Forks, for respondent.

Richard A. Ohlsen, Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, N.D., for appellant.

Heard, considered and decided by RANDALL, P.J., and PARKER and MULALLY,* JJ.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

EDWARD D. MULALLY, Judge.

Eugene Driscoll appeals a judgment of conviction of DWI, claiming it was based on evidence, a station-house Intoxilyzer test (.18%), which was the result of an allegedly illegal arrest. The sole issue on appeal is whether the police officer had probable cause to arrest Driscoll.

## FACTS

On March 1, 1987, at a few minutes after 1:00 a.m., appellant Driscoll was driving his pickup truck along the streets of East Grand Forks, Minnesota. It was snowing at the time and there was heavy snow accumulation. Driscoll was following along in the tire tracks in the snow made by other vehicles.

A police officer observed Driscoll's vehicle drift in and out of the path of the tire tracks. The officer also observed that the pickup's engine died when Driscoll stopped at a stop sign. When Driscoll restarted the engine and began to drive again, he did not promptly turn his headlights back on although he did use his turn signal.

The officer then stopped the pickup and detected the odor of alcohol when he approached Driscoll. He also noticed that Driscoll's eyes appeared bloodshot and watery in the available street light. The officer attempted to administer a horizontal gaze nystagmus test (HGN) but Driscoll did not follow instructions and the test was not properly done. At the officer's direction, Driscoll attempted to recite the alphabet but twice failed to get past the letter "O."

The officer then asked Driscoll to get into the squad car and come to the police station for further testing and Driscoll complied. At the police station, the police officer had Driscoll submit to a preliminary breath test (PBT) which Driscoll failed. Driscoll was at this time told he was under arrest. He was subjected to other sobriety tests, including an Intoxilyzer test which indicated a .18% blood alcohol content.

Driscoll argued at a pretrial hearing that he had been effectively under arrest when he was first placed in the police officer's squad car. He claimed this effective arrest was illegal because the police officer did not at that time have probable cause to believe Driscoll had been driving under the influence of alcohol. Because the arrest was illegal, Driscoll argued, the Intoxilyzer test results were the fruits of the illegal arrest and should be suppressed. The trial court ruled that the officer did have probable cause to arrest and thus it did not suppress the results of the Intoxilyzer test. Driscoll was subsequently found guilty by the court of violation of Minn.Stat. § 169.121, subd. 1(a), (d) (1986). This appeal followed.

## ISSUES

Did the trial court err in determining the arresting officer had probable cause to arrest Driscoll at the scene of the roadside stop?

## ANALYSIS

■ The parties agree Driscoll was effectively under arrest when he was taken to the police station, even though the arresting officer had not told him he was "under arrest." *See* Minn.Stat. § 629.30, subd. 1 (1986) ("'Arrest' includes actually restraining a person or taking into custody a person who submits."). The parties also agree that the officer had some "reason" to believe appellant was intoxicated, but they dispute whether the officer had the requisite "probable cause" to make an arrest.

Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect is guilty. * * * The court must examine the totality of the circumstances to determine whether probable cause exists.

*Vangstad v. Commissioner of Public Safety*, 404 N.W.2d 15, 16 (Minn.Ct.App. 1987) (citations omitted). In considering the totality of circumstances, this court cannot use a "mechanical or numerical equation" to determine if there was proba-ble cause. *Clow v. Commissioner of Public Safety*, 362 N.W.2d 360, 363 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. April 26, 1985). "Whether certain indicia of consumption of alcohol are sufficient to satisfy a standard of probable cause depends on the facts and circumstances in each case." *Id.*

■ In this case, the police officer noted at least six indicia of intoxication before arresting Driscoll: odor of alcohol; bloodshot, watery eyes; failure to drive vehicle in a straight line; failure to turn on lights immediately after restarting engine; inability to follow directions to perform HGN; and inability to recite the entire alphabet. These indicia were more than sufficient to establish probable cause to believe Driscoll had been driving under the influence.

■ Driscoll argues that the arresting officer's administering a preliminary breath test after arresting him indicates that the officer did not believe he had probable cause at the time of arrest. We reject this argument for two reasons.

■ First, although an officer normally uses a preliminary breath test before there is probable cause to arrest, *see* Minn.Stat. § 169.121, subd. 6 (1986), no law prohibits use of the test *after* probable cause exists. We note that such a test taken after probable cause exists is probably meaningless because the results are inadmissible as evidence of guilt. *See id.* In this case, it appears the arresting officer may have been overly cautious in first administering the preliminary breath test at the police station when he could simply have proceeded with the formal Intoxilyzer test. The fact that he was overly cautious, however, does not necessarily mean he did not believe he had probable cause when he made the arrest at the time of the roadside stop.

■ Second, the question of whether probable cause exists hinges on the officer's objective observations, not on his subjective belief as to probable cause. *Costillo v. Commissioner of Public Safety*, 416 N.W.2d 730, 733 (Minn.1987). Thus, even if the arresting officer had not believed he had probable cause, the arrest was legal

because he had observed sufficient indicia of intoxication to "add up to objective probable cause that [the defendant] had been driving while under the influence." *Id.*

### DECISION

The trial court's judgment of conviction is affirmed.

Affirmed.