Michael KNAPP, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. CX–98–2163.

Court of Appeals of Minnesota.

June 1, 1999.

---

Alan J. Albrecht, Albrecht & Associates, Ltd., Brooklyn Center, for appellant.

Mike Hatch, Attorney General, Michael R. Pahl, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by CRIPPEN, Presiding Judge, AMUNDSON, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant challenges the trial court's order sustaining the commissioner of public safety's revocation of appellant's driver's license. The revocation resulted from a stop made by a deputy sheriff who knew only that appellant was found sleeping in the back seat of his vehicle in a parking lot early in the morning, that he had failed a preliminary breath test performed by an-

other deputy, and that he had been instructed not to drive. Appellant alleges that without testimony or other evidence in the record, it cannot be presumed that there existed sufficient indicia of intoxication to perform the breath test and that the subsequent stop was therefore impermissible. We agree with appellant and reverse.

## FACTS

Just after his duty shift began at 6:00 a.m. on June 30, 1998, deputy sheriff Holland received a radio dispatch to go to a parking lot and check on the welfare of an individual sleeping in the back seat of a car with its engine running. The lot was shared by a café and a liquor store. The individual was Michael Knapp.

By the time Holland arrived, deputy Lang was already talking to Knapp. Holland had no personal contact with Knapp in the parking lot and made no particular observations about him. Holland observed Lang administer a preliminary breath test (PBT) to Knapp and heard Lang tell Knapp not to drive because he had failed the PBT.

Both deputies then drove to another location to discuss information from Lang's night shift patrol. They had no discussion about Knapp. As the deputies talked, Holland saw Knapp drive away. Holland followed him. Knapp's driving conduct was not improper in any respect but Holland stopped him for driving while under the influence of alcohol. Holland based the stop entirely on Lang's admonition to Knapp that he had failed the PBT and therefore was not permitted to drive. Holland administered a second PBT and arrested Knapp.

Knapp challenged his driver's license revocation in an implied consent hearing. Since deputy Lang did not testify, the record is silent as to what prompted him to administer a PBT to Knapp. The trial court sustained the revocation, and Knapp appealed.

## ISSUE

An arresting officer's sole reason for believing that a driver was under the influence of alcohol was a statement by another officer that the driver had failed a preliminary screening test. If there is no evidence that the other officer had the requisite factual basis for administering the test, was the arrest proper?

## ANALYSIS

 If a peace officer "has reason to believe" from the manner in which a person drives, operates, or controls a motor vehicle that the person is under the influence of alcohol, the officer may require the person to provide a breath sample for a preliminary screening test. Minn.Stat. § 169.121, subd. 6 (1996). In order to require the test, the officer must have a specific and articulable suspicion of a violation of Minn.Stat. § 169.121 (1996). *State, Dept. of Pub. Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn.1981). Articulable suspicion includes evidence of sufficient indicia of intoxication. *State v. Driscoll*, 427 N.W.2d 263, 265–66 (Minn.App.1988) (citing *Costillo v. Commissioner of Pub. Safety*, 416 N.W.2d 730, 733 (Minn.1987)). An automobile stop is valid if the officer had a particularized, objective basis for suspecting criminal activity. *State v. L'Italien*, 355 N.W.2d 709, 710 (1984) (citation omitted). On review, we must decide whether as a matter of law the basis for the stop was adequate. *Berge v. Commissioner of Pub. Safety*, 374 N.W.2d 730, 732 (Minn. 1985).

 Deputy Holland relied in good faith on information he obtained through deputy Lang. Holland testified that he assumed that Lang had observed indicia of intoxication or he likely would not have administered the first PBT.

An arresting officer may rely on all collective information in the police department, and, acting in good faith on the basis of such information, may assume at the time of apprehension that proba-

ble cause has been established. Thus, an officer * * *, who in good faith relies on such collective information, is legally justified to make an arrest.

*State v. Conaway*, 319 N.W.2d 35, 40 (Minn.1982) (quoting *Schaffer v. State*, 75 Wis.2d 673, 676–77, 250 N.W.2d 326, 329 (1977)). Thus, under the "collective information" rule, Holland properly relied on what he heard Lang say and on his own assumption that Lang had "reason to believe" that Knapp was under the influence. However, the analysis does not end with Holland's justified arrest.

> Such legal justification, however, cannot alone constitute probable cause for such an arrest, for it is necessary that the officer's underlying assumption of probable cause be correct.

*Id.* In order to sustain the revocation of Knapp's license, Holland's assumption that Lang had "reason to believe" Knapp was under the influence had to be correct.

> Should, however, the police network fail to have sufficient collective information to establish probable cause (e.g., the initial arrest warrant is defective), then the arrest is illegal.

*Conaway*, 319 N.W.2d at 40 (citations omitted). There are no facts in the record showing or providing a basis for inferring that Lang had a specific and articulable suspicion that Knapp was under the influence of alcohol. Without such facts, an officer may not administer a PBT. Since Holland relied entirely on the impermissible PBT as his own "reason to believe" that Knapp was under the influence, ultimately Holland's arrest lacked the requisite factual basis. The trial court erred in sustaining the revocation of Knapp's driver's license.

## D E C I S I O N

Because there is no evidence in the record that the PBT performed by Deputy Lang was based on a proper finding of indicia of intoxication and there is no basis other than the PBT for sustaining the stop, we can only conclude that the stop was improper.

**Reversed.**

CRIPPEN, Judge (dissenting).

When Deputy Holland stopped appellant Michael Knapp, he knew that Knapp (a) had been sleeping in the back seat of a car with its engine running, at 6:00 a.m., in the parking lot of an on-sale liquor store, (b) drove from the parking lot in spite of a police order that he had to find a way home without driving, (c) chose to drive in the immediate presence of the two deputies, who had parked across an alleyway from the liquor store parking lot, and (d) failed a preliminary breath test administered by Deputy Lang.

Whether or not the state proved good cause for the preliminary test, the circumstances demonstrate, using an objective standard as to the perspective of Deputy Holland, that he had abundant specific and articulable suspicion that Knapp was driving unlawfully. The trial court should be affirmed.

The courts are to employ an objective standard to examine Deputy Holland's cause to stop appellant. *State v. Claussen*, 353 N.W.2d 688, 690 (Minn.App.1984). Thus, a *Terry* stop is examined on the basis of all of the facts available to the officer at the time the stop occurred. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). In such an examination, it is evident that Holland's suspicions of appellant's drinking-while-driving offense were articulable, because of appellant's suspicious circumstances in the parking lot and his foolhardy choice of conduct in driving away while still being visible to an officer who had told him not to. In addition, he could be stopped because of Holland's knowledge that Knapp failed to obey a police order, the lawful nature of which has not been challenged by appellant in these proceedings. *See* Minn.Stat. § 609.50 (1998) (resisting peace officer in performance of official duties).

Because the testimony of Deputy Holland was sufficient to establish lawful cause to stop appellant—the propriety of the preliminary test is not determinative—I respectfully dissent.