Alan Eligha CARTER, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A10–8.

Court of Appeals of Minnesota.

Aug. 31, 2010.

Julius A. Nolen, Berndt Law Offices, PLLC, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Robert Raupp, Benton County Attorney, Karl Schmidt, Assistant

County Attorney, Foley, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; HALBROOKS, Judge; and WORKE, Judge.

## OPINION

HALBROOKS, Judge.

Appellant challenges the postconviction court's denial of relief based on his ineffective-assistance-of-counsel claim. Appellant asserts that his trial counsel made an objectively unreasonable error by failing to challenge the basis for the stop that ultimately led to his arrest and conviction. Because we conclude that the officer had a valid basis for the stop and therefore any challenge to the validity of the stop would have failed, we affirm the postconviction court.

## FACTS

On November 5, 2006, Benton County Deputy Garth McFadden stopped a vehicle driven by appellant Alan Eligha Carter for expired vehicle registration. Because the deputy observed signs of intoxication, he arrested appellant for driving while impaired (DWI). Appellant pleaded guilty to first-degree DWI in May 2007 in exchange for a 46–month sentence.

Appellant petitioned for postconviction relief in October 2008, seeking to withdraw his guilty plea and vacate his conviction on the basis of ineffective assistance of counsel. Appellant's postconviction petition asserted that Deputy McFadden's decision to stop his vehicle was based on expired license-plate tabs and did not provide Deputy McFadden with reasonable articulable suspicion of criminal activity. Appellant argued that the failure to display current tabs was not a violation of the law because November 5 was within the ten-day statutory grace period provided for in Minn.

Stat. § 168.09, subd. 4. The postconviction court denied appellant's petition without holding an evidentiary hearing. He appealed, and this court affirmed the postconviction court in part, but reversed and remanded one aspect of appellant's ineffective-assistance-of-counsel claim for an evidentiary hearing on whether there was a sufficient legal basis for Deputy McFadden's stop. *Carter v. State,* No. A08–2106, 2009 WL 2927871, at *3 (Minn.App. Sept. 15, 2009).

On remand, Deputy McFadden testified about his basis for the traffic stop, stating that he observed that the vehicle appellant was driving "displayed October of 2006 tabs." Officer McFadden testified that he ran the license plate, discovered that the vehicle registration had expired, and then initiated a traffic stop.

The postconviction court again denied appellant's ineffective-assistance-of-counsel claim, finding that a motion to suppress the evidence gathered as a result of the stop would have failed. The postconviction court found Deputy McFadden's testimony to be credible and concluded that he had reasonable articulable suspicion to stop appellant after he determined that appellant's vehicle registration had expired. The postconviction court held that section 168.09, subdivision 4, provides a ten-day grace period for vehicle owners to display "insignia" of registration, but that the section does not extend the time frame for registration renewal. This appeal follows.

## ISSUE

Did the district court err by denying appellant's petition for postconviction relief?

## ANALYSIS

■ In reviewing a postconviction court's denial of relief, issues of law are

reviewed de novo and issues of fact are reviewed for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). A postconviction court's decision regarding a claim of ineffective assistance of counsel involves mixed questions of fact and law and is reviewed de novo. *Opsahl v. State*, 677 N.W.2d 414, 420 (Minn.2004). To succeed on an ineffective-assistance-of-counsel claim, the petitioner must prove both that his counsel's performance was objectively unreasonable and that but for these unprofessional errors, the result of the proceeding would have been different. *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987).

In his postconviction petition, appellant argued that his conviction should be vacated or, alternatively, he is entitled to withdraw his guilty plea. The basis for both requests was that his trial counsel made an objectively unreasonable error by not moving to suppress the evidence gathered as a result of the traffic stop that led to appellant's arrest for DWI. The postconviction court denied appellant's petition because it concluded that Deputy McFadden had a sufficient basis for the stop, and therefore a motion to suppress would not have succeeded. As a result, the postconviction court reasoned that appellant could not show that the trial outcome would have been different had his counsel moved for suppression of the stop-related evidence.

■ An appellate court reviews de novo the legality of a limited investigatory stop and questions of reasonable articulable suspicion. *State v. Munson*, 594 N.W.2d 128, 135 (Minn.1999). To justify an investigative stop, a police officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Minnesota courts

look at the totality of the circumstances to determine whether the officer who conducted the stop is able to articulate a particularized and objective basis for suspecting the stopped person of criminal activity. *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983). In applying the *Terry* standard, "Minnesota case law shows how very low the threshold is to stop a vehicle in order to carry out the duty to investigate possible violations of the law." *State v. Claussen*, 353 N.W.2d 688, 690 (Minn. App.1984). "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity." *State v. Johnson*, 257 N.W.2d 308, 309 (Minn.1977) (quotation omitted).

■ The parties do not dispute that the vehicle appellant was driving on November 5, 2006, displayed October 2006 tabs. The dispute here centers on the interpretation of Minn.Stat. § 168.09, subd. 4, which provides that a registered vehicle must display the "insignia issued within ten days of the first day of the month which commences the registration period." Because the date of appellant's stop was "within ten days of the first day of the month which commence[d] the registration period," there was no crime associated with appellant's failure to display current tabs.

But Minn.Stat. § 168.017, subd. 1 (2006), requires that "[a]ll passenger automobiles ... shall be registered by the registrar according to the monthly series system of registration prescribed by this section." To manage the registration system, Minn. Stat. § 168.017, subd. 2, establishes 12 registration periods "each to be designated by a calendar month and to start on the first day of such month and end on the last day of the 12th month from the date of commencing."

The postconviction court determined that operating a vehicle with expired registration is a crime—even within the ten-day

grace period allowed for displaying new tabs. The postconviction court's conclusion was based on its interpretation of the relevant statutory provisions, and questions of statutory interpretation are reviewed de novo. *Lee v. Fresenius Med. Care, Inc.*, 741 N.W.2d 117, 122 (Minn. 2007).

> When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation. Basic canons of statutory construction instruct that we are to construe words and phrases according to their plain and ordinary meaning.

*Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation and citations omitted).

While appellant argues that "[t]he only way to read and give effect to all of the statutes is to conclude that the registration periods extend for 10 days into the month following the month shown on the tabs," we disagree. Subdivision 1 of section 168.017 requires passenger automobiles to be registered according to the monthly series system, which under subdivision 2 is a 12–month period. No motor vehicle may be operated in a calendar year "until it is registered as provided in this section, the motor vehicle tax and fees as provided in this chapter are paid, and the number plates issued for the ... motor vehicle are displayed on it." Minn.Stat. § 168.09, subd. 1 (2006). Using a motor vehicle in violation of this section is a misdemeanor. Minn.Stat. § 168.36, subd. 1 (2006). There is nothing in these sections that extends the 12–month registration period or allows an unregistered vehicle to be operated during the first ten days following the expiration of the former registration period.

Minn.Stat. § 168.09, subd. 4, provides that "[a] vehicle registered under the monthly series system of registration shall display the plates and insignia issued within ten days of the first day of the month which commences the registration period." Appellant argues that "[a]lthough the statute does not say that the grace period is for 'purchase' of tabs, a common sense inference is that the grace period applies to the purchase of tabs." We disagree. A vehicle must be validly registered to be operated, and registration is only valid for 12 months. The legislature granted vehicle owners ten additional days to place the new registration tabs on their license plates; but the legislature did not provide for an additional ten days for vehicle registration. And we decline to read such a provision into the statute. *See Reiter v. Kiffmeyer*, 721 N.W.2d 908, 911 (Minn. 2006) (stating that courts "will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently").

Deputy McFadden testified at the evidentiary hearing that he ran appellant's license plate and determined that the vehicle's registration was expired before he pulled appellant's vehicle over. The postconviction court specifically credited Deputy McFadden's testimony, and this court does not disturb credibility determinations on appeal. *See State v. Garrett*, 479 N.W.2d 745, 747 (Minn.App.1992), *review denied* (Minn. Mar. 19, 1992).

Because it is unlawful to drive a vehicle with an expired registration and because Deputy McFadden had a reasonable articulable suspicion that the vehicle appellant was driving had expired registration, we conclude that Deputy McFadden had a legally sufficient basis to stop appellant, regardless of the fact that November 5

was within the ten-day grace period for displaying tabs.[1]

## DECISION

The postconviction court properly denied appellant's petition for postconviction relief based on his claim of ineffective assistance of counsel. Because there was a valid basis for the stop that led to appellant's arrest and conviction, it was not objectively unreasonable for appellant's counsel to decline to challenge the stop and appellant did not suffer from ineffective assistance of counsel.

**Affirmed.**

---

1. The state raises a new theory for the first time on appeal to support the postconviction court's determination, arguing that the ten-day grace period articulated in the statute concluded on October 10, 2006, not November 10, 2006. Because we are affirming based on the arguments raised and decided by the postconviction court, we decline to address this new argument.