Darrel G. CHRISTOPHERSON and Shirley Christopherson, Relators,

v.

FEDERAL LAND BANK OF ST. PAUL, Respondent.

No. CO–86–75.

Supreme Court of Minnesota.

June 20, 1986.

**374**

Gerard D. Neil, East Grand Forks, for relators.

Arthur A. Dreckhahn, Warren, for respondent.

COYNE, Justice.

The relators Darrel G. and Shirley Christopherson obtained a writ of certiorari pursuant to Minn.Stat. § 583.10 (1984) to review a district court determination that they were not entitled to a postponement of mortgage foreclosure proceedings. We affirm.

The record is not disputed and indicates that the relators conveyed a first mortgage on their farm property to the respondent Federal Land Bank of St. Paul on January 19, 1981 and a second mortgage on the same property to the Production Credit Association of Grand Forks on April 17, 1984. When Federal commenced mortgage foreclosure proceedings upon the relators' default, the Christophersons sought the protection of the Minnesota Mortgage Moratorium Act to postpone the foreclosure on mortgaged homestead property for up to one year. Minn.Stat. §§ 583.01–.12 (1984). The trial court denied relief relying upon the exclusion contained in Minn.Stat. § 583.03, subd. 2(3) (Supp.1985). That clause states that sections 583.01–.12 (the

moratorium provisions) are inapplicable to "mortgages, judgments, or contracts for deed, regardless of when made, if a second or subsequent mortgage is made against the property after May 24, 1983." *Id.*

The only issue presented is whether, as the relators argue, section 583.03, subdivision 2 is ambiguous, thereby requiring judicial construction in favor of the relators to accomplish the remedial purpose of the Mortgage Moratorium Act.

Our examination of the exclusionary language of the statute leads to the conclusion that it is, as the trial court held, clear and unambiguous. By excluding from remedial protection certain categories of debt arising after May 24, 1983, the legislature expressed its intention to alleviate financial difficulties resulting from then-existing encumbrances against property, not those incurred after the promulgation of this temporary and emergency legislation. In fact, the refinancing of the property in the forms designated in section 583.03, subdivision 2 has the effect of eliminating any protection afforded property subject to preexisting encumbrances.

While the relators offer a different construction of the exclusionary language aimed, they argue, at accomplishing a more practical result which would remedy the plight of a greater number of affected individuals, this court may consider extrinsic aids to determine legislative intent only if an ambiguity exists. *Feick v. State Farm Mutual Automobile Insurance Co.,* 307 N.W.2d 772, 775 (Minn.1981). Here, the language of the statute is precise and unambiguous and we must give the effect to the statute as written. Minn.Stat. § 645.16 (1984); *Graber v. Peter Lametti Construction Co.,* 293 Minn. 24, 29, 197 N.W.2d 443, 447 (1972).

Affirmed.