Radu **RASIDESCU**, Relator,

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

No. C3–01–1786.

Court of Appeals of Minnesota.

May 28, 2002.

---

Radu Rasidescu, Hudson, WI, relator pro se.

Philip B. Byrne, St. Paul, MN, for respondent.

Considered and decided by LANSING, Presiding Judge, RANDALL, Judge, and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Relator appeals the decision of the representative of the commissioner that relator is ineligible for unemployment insurance benefits. Because relator is ineligible

under the plain language of the controlling statute, we affirm.

## FACTS

Relator Radu Rasidescu is a Canadian citizen who lawfully entered the United States to work temporarily as a plant engineer for Dairy Farmers of America (DFA). DFA decided to reduce its staff and it eliminated Rasidescu's job.

Rasidescu applied to the Minnesota Department of Economic Security (DES) for unemployment benefits. The DES obtained information from the United States Immigration and Naturalization Service (INS) that Rasidescu was a nonimmigrant alien classified as a temporary worker (TN) who was "out of status" because of the termination of his job with DFA. Thus, according to the INS, Rasidescu was no longer eligible to work in the United States and was required to depart immediately.

The DES then concluded that, because Rasidescu was not authorized to work in the United States, he was not eligible for unemployment benefits. After successive appeals, an unemployment law judge and the commissioner's representative both affirmed the determination of ineligibility. Rasidescu appeals from the decision of the commissioner's representative.

## ISSUE

Is a nonimmigrant alien, who was admitted to the United States on a temporary work visa but whose employment was terminated, ineligible for unemployment insurance benefits under Minn.Stat. § 268.085, subd. 12(a) (2000)?

## ANALYSIS

Relator contends on appeal that the decision of the commissioner's representative should be reversed because the representative misapplied the law in deter-

mining his ineligibility for unemployment benefits. Although appellate courts defer to the commissioner's findings of fact if they are reasonably supported by the evidence in the record, questions of law are reviewed de novo. *Ress v. Abbott N.W. Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn. 1989).

Unemployed individuals who meet the requirements of Minn.Stat. §§ 268.085, .086 (2000), are entitled to receive unemployment benefits. Minn.Stat. § 268.069, subd. 1(3) (2000). However, aliens who are not eligible to work in the United States are not eligible for unemployment benefits:

> An alien shall be ineligible for unemployment benefits for any week the alien is not authorized to work in the United States under federal law. Information from the Immigration and Naturalization Service shall be considered conclusive, absent specific evidence that the information was erroneous.

Minn.Stat. § 268.085, subd. 12(a) (2000).

The North American Free Trade Agreement (NAFTA) requires the United States, Canada, and Mexico to grant to certain persons temporary entry into those respective countries for work purposes as long as the persons are otherwise qualified for entry. 8 C.F.R. § 214.6(b)(f) (2001). Relator contends that NAFTA preempts Minnesota law and gives him the right to collect unemployment benefits.

■ Relator has cited no provision in the NAFTA that would preempt either United States immigration laws or state unemployment compensation statutes. Thus, once the INS determined that relator was "out of status" and was no longer entitled to be employed in the United States, relator became ineligible for unemployment benefits under the plain language of Minn.Stat. § 268.085, subd. 12(a). *See* Minn.Stat. § 645.08 (2000) (explaining that words and phrases should be con-

strued according to their plain meaning); *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996) (stating that if statutory language is unambiguous the court must apply its plain meaning).

■ Relator next argues that, because his employer paid for the benefits and did not contest the application, he is entitled to the unemployment insurance benefits. Minnesota law makes clear that whether the employer pays for unemployment insurance, or whether the employer challenges the employee's petition, has no bearing on whether or not the benefits are paid:

> Unemployment benefits are paid from state funds and shall not be considered paid from any special insurance plan, nor as paid by an employer. An application for unemployment benefits shall not be considered a claim against an employer but shall be considered a request for unemployment benefits from the fund. The commissioner has the responsibility for the proper payment of unemployment benefits regardless of the level of interest or participation by an applicant or an employer in any determination or appeal. * * * [A]ny agreement between an applicant and an employer shall not be binding on the commissioner in determining an applicant's entitlement.

Minn.Stat. § 268.069, subd. 2 (2000).

### DECISION

Because relator became ineligible to work in the United States upon the termination of his employment, the representative of the commissioner correctly determined that relator was ineligible for unemployment compensation benefits.

**Affirmed.**