**Louis H. REITER, Petitioner,**

v.

**Mary KIFFMEYER, individually and as Secretary of State of Minnesota, Respondent,**

**Gil Gutknecht, Intervenor, Respondent.**

No. A06–1508.

Supreme Court of Minnesota.

Sept. 28, 2006.

Christine Bennett Eller, Asst. Atty. Gen., St. Paul, for Respondent.

Alan W. Weinblatt, Weinblatt & Gaylord, PLC, St. Paul, for Petitioner.

Tony P. Trimble, Trimble & Associates, Ltd., Minneapolis, for Intervenor.

## OPINION

PER CURIAM.

Petitioner Louis H. Reiter filed a petition under Minn.Stat. § 204B.44 (2004) for an order directing respondent Secretary of State, Mary Kiffmeyer, to remove the name of Gil Gutknecht from the ballot for the primary election to be held on September 12, 2006. Reiter alleged that Gutknecht failed to pay the $300 filing fee and that the petition filed by Gutknecht in place of the filing fee was deficient because the required number of signatures on the petition had not been affixed during the 14–day filing period, which began on July 4 and ended on July 18, 2006.[1] Gutknecht intervened and moved to dismiss the petition. This opinion confirms our order filed on August 22, 2006, denying the petition.

On July 5, 2006, Gutknecht filed with the secretary of state an affidavit of candidacy for the office of United States Representative for the First Congressional District, comprising 22 counties in southeastern Minnesota. In lieu of paying the $300 filing fee for that office, Gutknecht filed a petition that purported to bear the names of 1,626 eligible voters representing all 22 counties in the First Congressional District. Only about 300 signatures were dated between July 4 and July 18, 2006. The secretary of state accepted Gutknecht's affidavit of candidacy and, on July 20, 2006,

---

1. *See* Minn.Stat. § 204B.09, subd. 1 (2004) (stating that the filing period begins not more than 70 days before the primary and ends not less than 56 days before the primary).

certified Gutknecht as a candidate for the Republican Party nomination in the 2006 state primary election.

On August 10, 2006, Reiter filed a petition with this court seeking an order directing the secretary of state to omit Gutknecht's name from the primary election ballot. We ordered Reiter to serve a copy of the petition and supporting documents on Gutknecht and on any other individuals who filed for the Republican Party nomination for First Congressional District representative. Thereafter, Gutknecht moved to intervene as a respondent, a motion we granted. Gutknecht also moved to dismiss Reiter's petition for failure to state a claim upon which relief could be granted.

Reiter argues that the signatures on a petition in place of the filing fee must be affixed during the filing period. Reiter bases this argument on an interpretation of Minn.Stat. § 204B.11, subd. 2 (2004), which sets forth the requirements for a petition in place of the filing fee.

I.

■■■ We approach the construction of a statute as a question of law. *Camacho v. Todd and Leiser Homes,* 706 N.W.2d 49, 53 (Minn.2005) (as modified). We begin with the language of the statute, inquiring first whether the statute is ambiguous. *Zurich American Ins. Co. v. Bjelland,* 710 N.W.2d 64, 68 (Minn.2006). If the statute is plain and unambiguous, we apply the words of the statute according to their plain meaning and engage in no further construction. *Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn.1998). We conclude that section 204B.11, subd. 2, is plain and not ambiguous: it does not require that signatures on a petition in place of the filing fee be affixed during the filing period.

Minnesota election laws provide different filing requirements depending on whether a candidate seeks the nomination of a major political party. Candidates for elective office who seek the nomination of a major political party compete for that nomination in the primary election. Minn. Stat. § 204B.03 (2004). Partisan candidates who do not seek the nomination of a major political party (minor party or independent candidates) must file a nominating petition under Minn.Stat. §§ 204B.03, .07, and .08 (2004). All candidates, whether seeking the nomination of a major party or not, must also pay a filing fee, which for the position of congressional representative is $300. Minn.Stat. § 204B.11, subd. 1(b) (2004). But any candidate is allowed to avoid the filing fee by filing a "petition in place of the filing fee." *Id.,* subd. 2. For a congressional office, the minimum number of signatures required on such a petition is 1,000. *Id.,* subd. 2(b).

For a nominating petition for a candidate who does not seek the nomination of a major political party, the specified number of signatures must be affixed within the 14–day filing period. *See* Minn.Stat. § 204B.08, subd. 1 ("Nominating petitions shall be signed during the period when petitions may be filed as provided in section 204B.09."). But the provisions for a petition in place of the filing fee do not specify any time period for affixing the signatures. Minn.Stat. § 204B.11, subd. 2. The only requirement for a petition in place of the filing fee is that the signatures on the petition be of "any individual eligible to vote for the candidate." *Id.*

■■■ Reiter argues that section 204B.11, subd. 2, should be read as incorporating the time requirements of section 204B.08 for nominating petitions into the requirements for petitions in place of the

filing fee. Reiter suggests that this reading is supported by consideration of the legislative history of the petition in place of the filing fee, the canons of statutory construction, the secretary of state's interpretation of the statute, and the "absurd consequences" that will result if petitions in place of the filing fee need not be signed within the 14-day filing period. But we consider these extrinsic aids in determining legislative intent only if the statute is ambiguous. *Christopherson v. Fed. Land Bank of St. Paul,* 388 N.W.2d 373, 374 (Minn.1986). Indeed, use of extrinsic aids to determine legislative intent where there is no ambiguity in the express language of the statute would be unnecessary and improper. *Feick v. State Farm Mut. Auto. Ins. Co.,* 307 N.W.2d 772, 775 (Minn.1981). And we will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently. *Metro. Sports Facilities Comm'n v. County of Hennepin,* 561 N.W.2d 513, 516–17 (Minn. 1997).[2]

Had the legislature intended to limit the period during which signatures on a petition in place of the filing fee could be obtained, it would have expressly done so. Although the statute would appear to permit the use of signatures obtained at any time before the filing of the petition, including signatures obtained many months or even years before, this case does not test those outer limits because all of the signatures on Gutknecht's petition were obtained after the last election for this office, between February 7 and July 18, 2006. We conclude that there is nothing in section 204B.11, subd. 2, that bars the use of signatures obtained prior to the 14–day filing period.

## II.

■ We also reject Reiter's argument that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires that we construe section 204B.11, subd. 2, as imposing the same time limitation on affixing signatures to a petition in place of the filing fee that section 204B.08 imposes on nominating petitions. This comparison between a petition in place of the filing fee and a nominating petition is not an appropriate equal protection analysis.

First, the two different petitions serve different purposes. The nominating petition substantiates the nomination of a minor party or independent candidate, whereas the petition in place of the filing fee only releases a candidate from the obligation to pay the filing fee. As a result, there is no logical reason to assume that the legislature intended that the requirements of one be applicable to the other.

Moreover, the relevant question for equal protection purposes is whether a minor party or independent candidate is held to different standards than a major party candidate when submitting a petition in place of a filing fee. All candidates are subject to the filing fee and the authorization to file a petition in place of the filing fee applies equally to major party, minor party, and independent candidates. Minn. Stat. § 204B.11, subd. 2. Minor party and independent candidates may submit a petition in place of a filing fee by simply

---

**2.** At oral argument, Reiter referenced *Burkstrand v. Burkstrand,* 632 N.W.2d 206 (Minn. 2001), as providing a different rule of construction where the statute is silent on a particular matter. But *Burkstrand* did not apply a different rule because it resorted to extrinsic sources to determine the legislative intent behind that silence only after determining that the statute was ambiguous. *Id.* at 210.

placing an additional legend on their nominating petition. *Id.* Because *Gutknecht* was not eligible to file a nominating petition,[3] he faced an additional burden of obtaining the required number of signatures on a separate petition in place of the filing fee.

Because the petition in place of the filing fee is equally available to all candidates, this case does not present an equal protection issue.[4] And, even if Reiter's premise were correct, that greater burdens are placed on minor party and independent candidates, we could not adopt Reiter's proposed remedy because it would increase the burdens on major party candidates rather than reduce the burdens on minor party and independent candidates.

Motion to dismiss petition granted; petition denied.

PAGE, Justice (concurring).

## CONCURRENCE

I concur in the result.

**3.** Minnesota Statutes § 204B.03 requires candidates for nomination by a major political party to be nominated by party primary rather than by nominating petition.

**4.** Because Reiter's equal protection argument is not based on a comparison of the requirement of a nominating petition for a minor party or independent candidate with the requirement of the primary ballot process for a major party candidate, we do not address any equal protection issues that might be suggested by such a comparison.