**Daniel J. SCHEELER, Relator,**

v.

**SARTELL WATER CONTROLS, INC., Respondent,**

**Department of Employment and Economic Development, Respondent.**

**No. A06–715.**

Court of Appeals of Minnesota.

April 24, 2007.

Daniel J. Scheeler, Lewistown, MT, pro se, relator.

Sartell Water Controls, Inc., Sartell, MN, for respondent.

Lee B. Nelson, Linda A. Holmes, Department of Employment and Economic Development, St. Paul, MN, for respondent Department.

Considered and decided by
TOUSSAINT, Chief Judge; WRIGHT, Judge; and CRIPPEN, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

An unemployment law judge (ULJ) determined that relator Daniel J. Scheeler was not eligible for unemployment benefits. Relator seeks certiorari review of that determination; relator also moved this court for leave to offer proof of evidence not submitted before the ULJ's determination. Because we see no error in the ULJ's determination, we affirm; we deny the motion for leave to offer proof.

## FACTS

Relator began work for respondent Sartell Water Controls, Inc. a/k/a DeZURIK Water Controls, in February 1979. In the summer of 2005, respondent wanted to reduce its workforce temporarily. It therefore offered employees the option of quitting for 90 days, after which they would be recalled, and told them respondent would not protest their eligibility for unemployment benefits during this time. Relator chose this option and stopped work after July 2005. In September 2005, relator moved to Montana. Respondent recalled him to work in October 2005. Relator refused the recall and ap-

plied for unemployment benefits. An adjudicator for respondent Department of Employment and Economic Development determined that relator had good cause for refusing the recall and was entitled to unemployment benefits.

Respondent appealed and, following a January 2006 telephone hearing, a ULJ determined that relator was on voluntary leave of absence from July 31, 2005, to October 13, 2005, and was not eligible for benefits during that period, and that he quit his employment on October 14, 2005, and was not qualified for benefits thereafter.[1]

Relator filed a request for reconsideration; the ULJ issued an order of affirmation of his previous decision. Relator challenges that decision.

## ISSUES

1. Does Minn.Stat. § 268.085, subd. 13a(a) (2004), preclude eligibility for unemployment benefits for an employee who chooses not to perform work available with the employer for a period of time?

2. Does Minn.Stat. § 268.069, subd. 2 (2004), void an employer's agreement that an employee who chooses not to perform work available with the employer for a period of time may apply for unemployment benefits without opposition from the employer?

## ANALYSIS

### Standard of Review

In reviewing decisions of a ULJ, this court exercises its independent judgment with respect to questions of law. *See Ress v. Abbott Nw. Hosp., Inc.,* 448

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Relator does not challenge the denial of benefits after October 14, 2005.

N.W.2d 519, 523 (Minn.1989). Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998). If a statute is unambiguous, a reviewing court applies the words according to their plain meaning and engages in no further construction. *Reiter v. Kiffmeyer,* 721 N.W.2d 908, 910 (Minn.2006).

**1. Minn.Stat. § 268.085, subd. 13a(a) (2004)**

"An applicant on a voluntary leave of absence shall be ineligible for unemployment benefits for the duration of the leave of absence." Minn.Stat. § 268.085, subd. 13a(a) (2004). "A leave of absence is voluntary when work that the applicant can then perform is available with the applicant's employer but the applicant chooses not to work." Id. We see no ambiguity in this statute and therefore apply its words according to their plain meaning, eschewing further construction. *See Reiter,* 721 N.W.2d at 910. Like the ULJ, we conclude that relator was on a voluntary leave of absence from July 31, 2005, through October 13, 2005.

■ Respondent did not refer to the option it offered its employees of not working for a period of time as a voluntary leave of absence; it referred to the program as a "voluntary layoff." Relator testified that respondent told him, "[Y]ou're being placed on a 90 day voluntary layoff" and that he "took the layoff." Respondent's human resources representative corroborated this: she testified that respondent "proposed with the union to have a 90 day voluntary layoff ... which [relator] signed up for." But respondent's "voluntary layoff" was actually a "voluntary leave of absence" within the meaning of Minn.Stat. § 268.085, subd. 13a(a) (employee chooses not to perform

work available with employer). The human resources representative answered, "Correct" when asked, "[A]s of July 29, [relator] could have continued work if he wanted to but he signed up for a lay off[?]" She again answered, "Correct," when asked, "[I]f [relator] had not signed up he would have stayed working[?]" Because work was available with respondent and relator chose not to work, he was on a voluntary leave of absence within the meaning of Minn.Stat. § 268.085, subd. 13a(a), and is not eligible for benefits for that period.

**2. Minn.Stat. § 268.069, subd. 2 (2004)**

■ Relator argues that he is eligible for benefits because respondent told employees who chose the voluntary leave of absence that they could receive unemployment benefits without protest from respondent. But, because "[u]nemployment benefits are paid from state funds and shall not be considered paid ... by an employer[,] ... any agreement between an applicant [for benefits] and an employer shall not be binding on [the ULJ] in determining an applicant's entitlement" to benefits. Minn.Stat. § 268.069, subd. 2 (2004). Again, we see no ambiguity in the statute and apply its words according to their plain meaning. *See Reiter,* 721 N.W.2d at 910; *see also Rasidescu v. Comm'r of Econ. Sec.,* 644 N.W.2d 504 (Minn.App. 2002) (construing Minn.Stat. § 268.069, subd. 2, to hold that "Minnesota law makes clear that whether the employer pays for unemployment insurance, or whether the employer challenges the employee's petition, has no bearing on whether or not the benefits are paid."), *review denied* (Minn. July 16, 2002). No agreement between relator and respondent could have established relator's eligibility for benefits.

■ Moreover, a "contract violating law or public policy is void." *Barna, Guzy*

289

& *Steffen, Ltd. v. Beens*, 541 N.W.2d 354, 356 (Minn.App.1995) (citation omitted), *review denied* (Minn. Feb. 27, 1996). Because the agreement between relator and respondent abrogated the ULJ's legal right to decide eligibility for unemployment benefits, it is void.

Relator moves this court for leave to offer proof of evidence to be submitted on remand. In light of our affirmance of the ULJ, the motion is denied.

## DECISION

Relator chose not to perform work available with respondent. Under Minn.Stat. § 268.085, subd. 13a(a) (2004), this was a voluntary leave of absence, and relator was ineligible for benefits for that period. Under Minn.Stat. § 268.069, subd. 2 (2004), respondent's agreement that relator could apply for benefits during the voluntary leave of absence without opposition from respondent is void. We affirm the ULJ's decision and, in light of that affirmation, deny relator's motion for leave to offer proof of evidence to be submitted on remand.

**Affirmed; motion denied.**