Matthew J. **LOOK** on behalf of his minor son, John P. Dehen on behalf of his minor daughter, and Matthew J. Look and John P. Dehen on behalf of those City of Ramsey residents similarly situated, Appellants,

v.

**PACT CHARTER SCHOOL,**
Respondent.

No. A08–1114.

Court of Appeals of Minnesota.

April 7, 2009.

John P. Dehen, Dehen Law Firm, P.A., Anoka, MN, for appellants.

Samuel Hanson, Diane Bratvold, Briggs and Morgan, P.A., Minneapolis, MN, for respondent.

Considered and decided by WORKE, Presiding Judge; HUDSON, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellants challenge the district court's grant of summary judgment to respondent in which the district court determined that Minn.Stat. § 124D.10, subd. 9, does not extend a preference for admission to residents of a city where a charter school is located. We affirm.

## FACTS

On March 6, 2008, appellant Matthew J. Look commenced this action against respondent PACT Charter School (the school) seeking, in relevant part, a declaratory judgment from the district court interpreting Minn.Stat. § 124D.10, subd. 9 as applying the "proximity preference" articulated in the statute to the children of individuals, such as appellants, who are residents of the City of Ramsey. The school is a charter school located in Ramsey, enrolling students in classes from kindergarten through the 12th grade.

During the pendency of this case, appellant Look's son was selected for admission to the school through a lottery system used by the school to select students for admission.[1] After Look's son was selected

---

1. Minnesota Statutes, section 124D.10, subdivision 9, requires that a lottery system be used

in situations where the number of applicants

for admission, the parties agreed to allow Look to amend the complaint to name his attorney, appellant John P. Dehen, as an additional plaintiff on behalf of Dehen's minor daughter, who had not been selected for admission.

The parties brought cross-motions for summary judgment on the issue of whether the statute requires the school to give an admissions preference to residents of Ramsey because the school is located in the city. The district court granted the school's motion for summary judgment, determining that the statutory language was clear on its face, and that the challenged portion of the statute's proximity preference only applied to charter schools located in "towns." The district court found that the term "town" is a term of art used in the Minnesota Statutes to describe a form of local government. *See generally* Minn.Stat. §§ 365.01–368.01 (2008). The district court determined that, since the term "town" refers to a specific form of local government and the statute specifically used the term "town," the proximity preference articulated in the statute only applies to charter schools located in "towns" and not cities. The district court denied appellants' motion for summary judgment. This appeal follows.

## ISSUE

I. Did the district court err in granting summary judgment in favor of respondent PACT Charter School based on the court's interpretation of the statute?

## ANALYSIS

"On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district court] erred in [its] application of the law." *State by Coo-*

*per v. French,* 460 N.W.2d 2, 4 (Minn. 1990).

A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law. On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted.

*Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). No genuine issue for trial exists " '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.' " *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). The parties do not argue that there are any genuine issues of material fact in this case. Rather, appellants argue that the district court erroneously granted summary judgment in favor of the school, and that summary judgment should have been granted in appellants' favor.

"Statutory construction is a question of law, which this court reviews de novo." *In re Kleven,* 736 N.W.2d 707, 709 (Minn.App. 2007) (citing *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998)). "Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court." *Davies v. W. Publ'g Co.,* 622 N.W.2d 836, 841 (Minn.App.2001) (citing *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998)), *review denied* (Minn. May 29, 2001). When the district court grants

for admission to a charter school is greater than the number of available spots in a class.

summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, reviewed de novo by the appellate court. *Lefto,* 581 N.W.2d at 856.

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation and quotation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. Saint Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.; see also* Minn.Stat. §§ 645.01–.51 (2008) (involving interpretation of statutes).

■ The statute at issue here, Minn. Stat. § 124D.10, subd. 9, reads, in relevant part:

> If a charter school is the only school located in a *town* serving pupils within a particular grade level, then pupils that are residents of the *town* must be given preference for enrollment before accepting pupils by lot. If a pupil lives within two miles of a charter school and the next closest public school is more than five miles away, the charter school must give those pupils preference for enrollment before accepting other pupils by lot.

(Emphasis added.)

Appellants do not live within two miles of the school, so they rely on the preference extended to residents of the town in which the school is located to claim that such a preference should extend to them.

It is undisputed that the City of Ramsey is a city under Minnesota law. *See generally* Minn.Stat. §§ 410.01–412.901 (2008). Black's Law Dictionary defines a city as "[a] municipal corporation." *Black's Law Dictionary* 261 (8th ed. 2004). "In any law adopted after July 1, 1976, the word 'city' when used without further description extending the application of the term to home rule charter cities means statutory cities only." Minn.Stat. § 410.015.

Appellants argue that the district court improperly interpreted the language of the statute and ignored extrinsic evidence showing that the legislature intended the statute to extend a preference to prospective students in cities as well as towns. Appellants argue that, "[n]otwithstanding 'town' language in the statute, . . . [the school] must give a statutory preference to City of Ramsey resident pupils in kindergarten and grades 6–12 since there are no other schools in Ramsey serving those grades."

Appellants argue that, because the statute does not provide a definition of the word "town," we must look to extrinsic evidence to determine the appropriate definition of the word. Appellants argue that the extrinsic evidence they provided the district court collectively creates ambiguity as to the proper meaning of the word "town" in the context of this case. Appellants offer no authority in support of an argument that a statute is ambiguous when that statute does not include a section setting forth definitions for the terms used within that statute. "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16.

[J]udicial duty requires that we give to the language chosen its plain meaning, since it is only where the language of an act is ambiguous, and needs, by reason of such ambiguity, to be judicially construed, that the history of such act or its title should be resorted to for aid in its construction.

*Rice v. City of St. Paul,* 208 Minn. 509, 519, 295 N.W. 529, 533–34 (1940) (quotation omitted). And if the language of the statute is clear and free of ambiguity, the district court need not have considered the evidence offered by appellants. *See Reiter v. Kiffmeyer,* 721 N.W.2d 908, 911 (Minn. 2006) (stating only when a statute is ambiguous should courts use other canons of construction or extrinsic evidence to discern the legislature's intent).

Appellants further argue that the district court relied on extrinsic evidence by looking at the portions of the Minnesota Statutes which define the governmental structure and powers of towns, but erroneously failed to consider appellants' extrinsic evidence. Appellants offer no support for their argument that the district court's consideration of other chapters of the Minnesota Statutes in interpreting this statute was improper, or that different chapters of the Minnesota Statutes should be considered extrinsic evidence for the purposes of statutory interpretation.

While the statute at issue here is not a "surrounding section" to the provisions of the Minnesota Statutes which enumerate the structure and powers of a town, we are to avoid interpreting statutes in such a way that would create conflicting interpretations. *Schroedl,* 616 N.W.2d at 277. The word "town" refers to a specific form of local government. In Minnesota, local forms of government are to be identified with precision. Minn.Stat. § 645.44, subd. 3. Minnesota law draws clear distinctions between cities and towns as forms of government. *See* Minn.Stat. § 415.01, subd. 1 (2008) ("A town must not exercise the powers conferred in chapters 365 to 368 within the territory embraced within the limits of any city, but a city has and may exercise within its limits any of the powers conferred by these chapters upon towns."). Moreover, as the district court noted, appellants have failed to identify any Minnesota Statute that uses the word "town" to describe any form of local government other than that described in Minn.Stat. §§ 365.01–368.01. The legislature has demonstrated its ability to include all forms of local government when it intends to do so, through the use of terms such as "local governmental unit" which includes "any county, city, town, [or] school district," Minn.Stat. § 473.121, subd. 6 (2008), or "municipality," Minn.Stat. §§ 462.352, subd. 2, 414.011, subd. 2 (2008).

Both parties point to the definition of "town" provided in Black's Law Dictionary. The dictionary defines town as:

1. A center of population that is larger and more fully developed than a village, but that (traditionally speaking) is not incorporated as a city. 2. The territory within which this population lives. 3. Collectively, the people who live within this territory.

*Black's Law Dictionary* 1528 (8th ed. 2004). Appellants argue that the proper definition of the word town as used in this statute is either, "the territory within which this population lives," or "collectively, the people who live within this territory." But appellants' suggested definition falls short in one critical respect; it does not provide an antecedent to the pronoun "this," which Black's Law Dictionary uses to refer back to the first given definition of the word "town." Essentially, appellants ask this court to define "town" as a territory within which *a* population lives or, collectively, the people who live within *a* ter-

ritory. Appellants provide no authority to support such a definition, nor does any such support exist in Minnesota law.

Appellants argue that the district court failed to consider the application of the word "town" as used in the statute, and that the proper application of the statute should be to extend an enrollment preference to residents of a community where a school is located. If appellants' interpretation is adopted, the statute must then be read to extend a preference to any resident of a city or town where a charter school is located. The language of the statute, however, does not employ such broad terms.

The language of the statute is not ambiguous as the word "town" has a clear and consistent meaning in Minnesota law. The district court properly interpreted the statute.

The record contains nothing reflecting any floor debate or discussion of the bill in either chamber of the legislature. The only item of legislative history relates to a subcommittee meeting where the relevant language was introduced. In that discussion, the author of the language stated, "if there's a charter school and it's the only school in the town and there are other children in that town that want to go there, they don't have to go through the drawing by lot." So even in this discussion, the author of the bill discussed the application of the bill to towns.

 The other exhibits offered by appellants, the administrative interpretation of the statute by the Minnesota Department of Education and an affidavit from the legislator who authored the language, are not probative of legislative intent. "[A]dministrative interpretations must be rejected if they contravene plain statutory language." *State by Spannaus v. Nw. Bell Tel. Co.*, 304 N.W.2d 872, 876 (Minn.1981). The department stated that it did not be-

lieve the legislature intended to make any distinction between cities and towns for the purpose of applying the statutory proximity preference. The department's opinion contradicts the language adopted by the legislature, which evidences intent for the preference to apply in "towns." Further, "[i]t is well established that a lone legislator is not competent to testify about the intent of a statute, even if she or he authored it." *In re Welfare of D.L.*, 486 N.W.2d 375, 381 (Minn.1992). The affidavit of the author of the language is not probative of the intent of the legislature in adopting the language. The subcommittee testimony and the affidavit of the author may be evidence of poor word choice or imprecise drafting of the language, but this court's role is limited to interpreting the statute as written. *See* Minn.Stat. § 645.16; *Rice*, 208 Minn. at 519, 295 N.W. at 533–34 (stating that judicial duty is to interpret the language chosen).

Appellants have failed to make a sufficient showing to establish that the legislature intended the language of the statute to apply to cities as well as towns. Accordingly, the district court did not err in granting summary judgment against them.

## DECISION

The district court properly interpreted the statute as applying the "proximity preference" only to residents of towns where charter schools are located, and properly entered summary judgment against appellants.

**Affirmed.**