*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0705**

Dennis M. Skrzypek,
Relator,

vs.

Doc Holliday's Roadhouse,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed January 11, 2016
Affirmed
Ross, Judge**

Department of Employment and Economic Development
File No. 33357036-3

Dennis M. Skrzypek, Aitkin, Minnesota (pro se relator)

Doc Holliday's Roadhouse, Houston, Texas (respondent employer)

Lee B. Nelson, St. Paul, Minnesota (for respondent department)

Considered and decided by Ross, Presiding Judge; Chutich, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Dennis Skrzypek quit his job as a cook in Williston, North Dakota, to return to Minnesota to address his wife's threat to claim falsely that he had assaulted her. The department of employment and economic development denied his request for unemployment benefits and an unemployment-law judge upheld the denial. We affirm the finding that Skrzypek quit his job without a good reason caused by his employer.

## FACTS

Dennis Skrzypek began as a cook at Doc Holliday's Roadhouse in Williston, North Dakota, in September 2014. Skrzypek quit the job three months later because he wanted to return to Minnesota after his wife threatened to file domestic-abuse charges against him. A day after he returned, his wife filed the charges, and the district court soon dismissed them because they lacked evidentiary support.

Skrzypek applied for unemployment benefits, but the department found him ineligible because he quit his job. He appealed and an unemployment-law judge (ULJ) affirmed the decision after a hearing. The ULJ believed Skrzypek's testimony about his reason for quitting but rejected his appeal because Skrzypek failed to establish that his employer caused his reason for quitting and because he failed to demonstrate that any other exception to quit-ineligibility applied. The ULJ upheld that decision after reconsidering it.

Skrzypek appeals by certiorari.

**D E C I S I O N**

We review a ULJ's determination that an applicant is ineligible for unemployment benefits de novo but rely on the ULJ's fact findings if they rest on substantial support in the record. *Fay v. Dep't of Emp't & Econ. Dev.*, 860 N.W.2d 385, 387 (Minn. App. 2015). An employee who quits employment generally is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 1 (2014). One exception is when the employee quit because of a good reason that his employer caused. *Id.*, subd. 1(1). This case focuses us on that exception.

Skrzypek asserts that the circumstances that forced him to quit were beyond his control. It appears that the ULJ accepted this assertion and that he considered Skrzypek's reason for quitting to be a good one. The ULJ rightly concluded, however, that despite the reasonableness of Skrzypek's decision to quit, the reason was not caused by his employer. Skrzypek acknowledged so much in his hearing before the ULJ, saying that he faced no adverse working conditions, no coworker conflicts, and no other workplace circumstance that led him to quit. He emphasized that he returned to Minnesota because his wife threatened to file the false charges against him after he confronted her about relational issues, believing he needed to address the pending charges immediately. We are bound by the statute in limiting the exception only to reasons to quit that were caused by the employer, and Skrzypek does not contend that his employer had anything to do with the domestic disorder that precipitated his quitting. And he does not contend that any other statutory exception to ineligibility applies.

Skrzypek implies that because Doc Holliday's Roadhouse did not participate in the hearing before the ULJ, it essentially conceded that his contention was sound. But unemployment benefits are paid from state funds, and a claim for those benefits is not a claim against the employer. Minn. Stat. § 268.069, subd. 2 (2014). An employer's nonparticipation in the proceedings therefore does not influence the legal question of whether the statute authorizes an award of benefits. *Rasidescu v. Comm'r of Econ. Sec.*, 644 N.W.2d 504, 506 (Minn. App. 2002), *review denied* (Minn. July 16, 2002).

We must affirm the decision.

**Affirmed.**