# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A25-0952

In the Matter of the Welfare of the Child(ren) of: L. A. B. and C. R. L., Parents.

**Filed December 8, 2025**
**Affirmed in part and reversed in part**
**Harris, Judge**

Redwood County District Court
File No. 64-JV-19-61

Melanie I. Nelson, John M. Jerabek, Tuft, Lach, Jerabek & O'Connell, PLLC, Maplewood, Minnesota (for appellant-mother L.A.B.)

Daniel A. McIntosh, Patrick J. Casey, Knutson+Casey, PC, Rochester, Minnesota (for respondent-father C.R.L.)

Amy Marie Busse, Redwood Falls, Minnesota (for respondent Southwest Health and Human Services)

Considered and decided by Smith, Tracy M., Presiding Judge; Slieter, Judge; and Harris, Judge.

## SYLLABUS

A court deciding a post-permanency juvenile-protection matter does not have jurisdiction to address child support.

## OPINION

**HARRIS**, Judge

Appellant permanently transferred legal and physical custody of her three minor children to respondent in a juvenile-protection matter and then moved in that juvenile-protection matter to modify parenting time. In this appeal from that post-permanency proceeding, appellant challenges the juvenile court's order modifying parenting time and

child support, arguing that (1) the juvenile court abused its discretion by determining that the parenting-time schedule was in the best interests of the children, (2) the juvenile court lacked jurisdiction to modify her child support obligations, and (3) the juvenile court abused its discretion by denying her request for a downward deviation in child support.[1] We conclude that the juvenile court did not abuse its discretion in modifying the parenting-time schedule established in the permanent transfer of legal and physical custody order, as the court considered all relevant factors required by the applicable statute. But we further conclude that the juvenile court exceeded its statutory authority by modifying child support in this post-permanency juvenile-protection proceeding, as it lacked jurisdiction to do so. Accordingly, we affirm in part and reverse in part.

**FACTS**

Appellant-mother L.A.B. and respondent-father C.R.L. were married and shared three children together, L.A.L., L.R.L. and L.W.L.

***Dissolution Matter***

The marriage was dissolved pursuant to a stipulated judgment and decree in March 2017 in the family division of the Redwood County District Court (family court).[2] The

---

[1] Mother argues that the juvenile court abused its discretion by denying her request for a downward deviation in child support. In light of our decision that the juvenile court did not have jurisdiction to address child support, this issue is moot and we will not address it in this opinion. *Winkowski v. Winkowski*, 989 N.W.2d 302, 308 (Minn. 2023) (stating "we will dismiss an appeal as moot when a decision on the merits is no longer necessary or an award of effective relief is no longer possible") (quotation omitted).

[2] Minnesota law authorizes the district court to establish various divisions within its jurisdiction, including a family court division and a juvenile court division. *See* Minn. Stat.

parties were awarded joint legal custody and joint physical custody of the minor children, and the parties were granted parenting time. Father was ordered to pay basic child support in the amount of $1,530 per month.

***CHIPS Proceedings***

In May 2017, Southwest Health and Human Services (SWHHS) filed a petition in the juvenile division of the Redwood County District Court (juvenile court), alleging that the children were in need of protection or services (CHIPS) following a number of incidents involving mother's alleged alcohol abuse while the children were in her care. In August 2017, mother and SWHHS entered into a voluntary-services agreement, which required mother to complete a treatment plan to address her chemical dependency, alcohol abuse, and mental health. The parties agreed to dismiss the CHIPS proceeding in exchange for mother's completion of the treatment plan.

In July 2018, father filed a petition for an order of protection (OFP) on behalf of the children, following an incident during which mother allegedly abused one of the children while mother was under the influence of alcohol. The family court granted an ex parte OFP of the children.

---

§ 484.86, subd. 1 (2024). In this case, as is common in many Minnesota counties, the district court does not maintain separately assigned judges for the family and juvenile court divisions. Instead, a single district court judge may hear and decide matters arising in either division. For purposes of this opinion, and to avoid confusion, the family court file in which the parties filed their dissolution action will be referred to as the "family court." The juvenile-protection matter in which the parties' transfer of permanent legal and physical custody action arose will be referred to as the "juvenile court."

Shortly thereafter, SWHHS filed a second CHIPS petition in the juvenile court for concerns relating to mother's alleged alcohol abuse, chemical abuse, and mental health. Mother later admitted in a sworn statement that she consumed alcohol to the point that she was unable to adequately care for the children. The juvenile court granted SWHHS protective supervision of the children and granted temporary sole physical and legal custody of the children to father.

***Petition and Order Transferring Permanent Legal and Physical Custody to a Relative***

In June 2019, father petitioned the juvenile court to transfer permanent sole legal and physical custody to himself. Mother consented to the petition. By doing so, mother acknowledged that father would have sole responsibility for the children.

In a written order (the transfer order), the juvenile court granted father's petition. The juvenile court found that it was in the best interests of the children to be placed in the permanent care, custody, and control of father. The transfer order further established a gradual parenting-time schedule and a holiday parenting-time schedule, set father's basic child-support obligation at $0, and awarded father the tax dependency exemptions for all three children. The juvenile court terminated its jurisdiction except for purposes of modifying custody and parenting time. The transfer order directed that any motion to modify its terms—other than a motion to modify child support—must be filed in the juvenile court file under Minnesota Rule of Juvenile Protection Procedure 42.07, subdivision 4.

***Mother's Motion to Modify Parenting Time and Father's Motion to Modify Child Support***

In December 2024, mother filed a motion to modify parenting time and supporting affidavits in the juvenile court file. Mother requested an increase in her regular parenting-time schedule to include an additional weekday, to extend the holiday parenting-time schedule, to reinstate her right of first refusal, and to receive an annual tax exemption for L.R.L., as well as a biennial tax exemption for L.W.L. Father filed a responsive motion, countermotion, and supporting affidavits in the juvenile court file requesting that the court deny mother's motion in its entirety, modify the holiday parenting-time schedule, and recalculate mother's child-support and medical-support obligations.

The matter came before the juvenile court, which conducted two separate motion hearings on the parents' motions. Following the hearing, the juvenile court awarded mother additional time with the children on alternating weekends, increased mother's weekday parenting time by an additional hour and a half, denied mother's request to extend her weekly parenting time to two days a week, and denied her other requests for the right of first refusal and tax exemptions. The juvenile court also ordered mother to pay father $660 per month in basic child support and $68 per month in medical support.

Mother appeals.

## ISSUES

I.      Did the juvenile court abuse its discretion when it determined that the parenting-time schedule was in the best interests of the children applying the best-interest-factors in Minnesota Statutes section 260C.511 and not the best-interest-factors in Minnesota Statutes section 518.175 (2024)?

II.     Did the juvenile court err by modifying child support in this appeal from a post-permanency proceeding under Minnesota Statutes sections 260C.503-.521 (2024), which does not confer jurisdiction to modify child support?

## ANALYSIS

**I.      The juvenile court did not abuse its discretion by determining that the parenting-time schedule was in the best interests of the children because it considered the relevant factors required by Minnesota Statutes section 260C.511.**

Generally, a district court has "broad discretion" to address "parenting-time," and an appellate court will not reverse its decision on the point "absent an abuse of that discretion." *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009) (making this statement in a marital-dissolution appeal). "A [juvenile] court abuses its discretion if it makes findings of fact that lack evidentiary support, misapplies the law, or resolves discretionary matters in a manner contrary to logic and the facts on record." *In re Welfare of Child of T.M.A.*, 11 N.W.3d 346, 355 (Minn. App. 2024).

An appellate court will not set aside a juvenile court's findings of fact unless the findings are clearly erroneous. *In re Welfare of Children of G.A.H.*, 998 N.W.2d 222, 239 (Minn. 2023). When addressing whether a district court's findings of fact are clearly erroneous, appellate courts (1) view the evidence in the light most favorable to the findings, (2) do not find their own facts, (3) do not reweigh the evidence, and (4) do not reconcile conflicting evidence. *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221-22 (Minn. 2021). Thus,

> an appellate court need not go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the court. Rather, because the factfinder has the primary responsibility of determining the fact issues and the

6

advantage of observing the witnesses in view of all the circumstances surrounding the entire proceeding, an appellate court's duty is fully performed after it has fairly considered all the evidence and has determined that the evidence reasonably supports the decision.

*Id.* (quotations and citation omitted); *see Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000) (discussing clear error standard of review in a similar fashion). In other words, when an appellate court reviews findings of fact, the review is not to determine whether the record could support findings other than those made by the district court—it almost always can. Instead, our task is to review the record "to confirm that evidence exists to support the decision." *Kenney*, 963 N.W.2d at 222. As such, an appellant who simply marshals record evidence pointing to alternative findings has not demonstrated clear error. The appellant must show that the record lacks the evidence necessary to support the findings the district court actually made. The clear-error standard of review in *Kenny* applies to juvenile-protection appeals. *T.M.A.*, 11 N.W.3d at 355; *In re Welfare of Child of J.H.*, 968 N.W.2d 593, 601 n.6 (Minn. App. 2021).

Here, in modifying the parenting-time schedule, the juvenile court did not identify the statutory standard it applied, and under which it made its findings of fact. Instead, it stated, "It is important to remember that this is not a typical dissolution matter; this is a juvenile protection matter." Mother argues that the juvenile court abused its discretion by misapplying the law because it failed to apply Minnesota Statutes section 518.175. Mother also challenges the juvenile courts findings of fact.

If, as here, an order transferring permanent legal and physical custody was filed on or after August 1, 2012, a motion to modify that order must be filed in juvenile court. Minn.

7

R. Juv. Prot. P. 59.02.  Mother properly filed her motion to modify the parenting-time schedule set in the order transferring legal and physical custody to father in juvenile court.

Motions to modify orders granting custody to a relative are governed by Minnesota Statutes section 260C.521, subdivision 2.  While that statute states that an order transferring permanent legal and permanent physical custody of a child to a relative "may" be modified using the standards under Minnesota Statutes sections 518.18 and .185 (2024), "[t]he juvenile protection statute does not give the juvenile court authority to award, much less modify, visitation under Minn. Stat. § 518.175[.]" *In re Welfare of Child of A.H.*, 879 N.W.2d 1, 6 (Minn. App. 2016).[3]  Thus, we reject mother's assertion that the juvenile court failed to (properly) apply Minnesota Statutes section 518.175 to her motion to modify the parenting-time schedule.

When addressing a motion to modify an order transferring permanent custody of a child, a juvenile court applies the best-interests standard in Minnesota Statutes section 260C.511(a).  *Id.*  That provision requires the juvenile court to consider all "relevant" factors.  The "paramount" consideration in juvenile-protection proceedings is the "health, safety, and best interests of the child."  Minn. Stat. § 260.001, subd. 2(a) (2024).  Because a child's best interests are a "paramount" consideration, those best interests are "relevant" under Minnesota Statutes section 260C.511(a).  And "[t]he best interests of the child means all relevant factors to be considered and evaluated," including

---

[3]Minnesota Statutes section 518.175 provides that the district court in dissolution proceedings "shall, upon the request of either parent, grant such parenting time . . . that will be in the best interests of the child."  *See* Minn. Stat. § 518.175, subds. 1(a), 5.

"the relationship between the child and relatives and the child and other important persons with whom the child has resided or had significant contact." Minn. Stat. § 260C.511(a), (b).

Here, the juvenile court considered all relevant factors when modifying the parties' parenting-time schedule. The juvenile court's order discusses, among other things, how (1) the children have primarily resided with father for the last seven years and were reportedly doing well, and that making significant changes to the parenting-time schedule was neither necessary nor advisable, (2) extending mother's Tuesday parenting time by an additional hour and a half was appropriate, (3) granting mother's request to have parenting time twice a week would create additional transitions for the children, which would not be in their best interests, (4) extending mother's alternating weekend parenting time from Sunday evening to Monday morning was appropriate, as it would not involve any extra transitions for the children, and (5) awarding mother the right of first refusal regarding care of the children would lead to unnecessary disagreements and litigation. Accordingly, the juvenile court determined that the order modifying the parenting-time schedule was in the best interests of the children. Under the standard for reviewing findings of fact set out above, this record supports these findings. *See Kenney*, 963 N.W.2d at 222 (noting that "an appellate court need not go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the court"); *Ewald v. Nedrebo*, 999 N.W.2d 546, 552 (Minn. App. 2023) (applying this aspect of *Kenney* in a grandparent-visitation appeal), *rev. denied* (Feb. 28, 2024); *Cook v. Arimitsu*, 907 N.W.2d 233, 240 n.3 (Minn. App. 2018) (applying this notion in custody appeal), *rev. denied* (Minn. Apr. 17, 2018).

9

Thus, we conclude that the juvenile court did not err by failing to (properly) apply section 518.175, it considered "all relevant factors" as required by section 260C.511, made sufficient findings to support its parenting-time schedule, and that, on this record, mother has not shown those findings to be clearly erroneous. Additionally, we conclude that mother has not shown that the juvenile court's parenting-time decision was an abuse of its discretion.

II.   **The juvenile court erred in modifying child support in this post-permanency proceeding because Chapter 260C does not grant the court jurisdiction to address child-support matters.**

Subject-matter jurisdiction refers to a court's authority to hear and decide the types of cases brought before it. *Giersdorf v. A&M Constr., Inc.*, 820 N.W.2d 16, 20 (Minn. 2012). Whether a court has subject-matter jurisdiction "to hear and determine a particular class of actions and the particular questions" presented depends on the constitutional and statutory grant of authority conferred upon the court. *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 585 (Minn. 2016). "Defects in subject-matter jurisdiction may be raised at any time and cannot be waived or forfeited by a party." *Rued v. Comm'r of Hum. Servs.*, 13 N.W.3d 42, 46 (Minn. 2024) (citing *Seehus v. Bor-Son Constr., Inc.*, 783 N.W.2d 144, 147 (Minn. 2010)). We review questions of subject-matter jurisdiction in child-protection matters de novo. *A.H.*, 879 N.W.2d. at 4.

Under Minnesota Statutes section 260C.101, subdivision 2(2) (2024), the "juvenile court" has "original and exclusive jurisdiction" over "permanency matters under [Minnesota Statutes] sections 260C.503 to 260C.521[.]" Mother argues that the juvenile

court lacked "authority"[4] to modify child support in these post-permanency proceedings under sections 260C.503-521. She notes that, under section 260C.521, subdivision 2(a), modifications of permanent custody orders are governed by sections 518.18 and .185, and—with an exception not relevant here—those provisions do not permit modification of child support. *See* Minn. Stat. § 518.18(f). We agree.

We start by analyzing whether the applicable statutory language is ambiguous on its face. *In re Welfare of Child of S.B.G.*, 991 N.W.2d 874, 884 (Minn. 2023) (quotation omitted). A statute is ambiguous if its language is subject to more than one reasonable interpretation. *Id.*; *In re Welfare of Child of J.D.T*, 946 N.W.2d 321, 327 (Minn. 2020). When addressing whether statutory language is ambiguous, we give words and phrases their plain and ordinary meaning. *Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 931 N.W.2d 632, 634 (Minn. 2019) ("We construe words and phrases 'according to rules of grammar and according to their common and approved usage.'") (quoting *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015)). If a statute is unambiguous, we apply the statutory language. *J.D.T.*, 946 N.W.2d at 327. If the statute is ambiguous, "then we may apply the canons of construction to resolve the ambiguity." *State v. Thonesavanh*, 904 N.W.2d 432, 435 (Minn. 2017).

We cannot add words to an unambiguous statute under the guise of statutory interpretation. *County of Dakota v. Cameron*, 839 N.W.2d 700, 709 (Minn. 2013); *see also*

---

[4] Mother uses "authority" to refer to what Minnesota Statutes section 260C.101, subdivisions 1 and 2 call the juvenile court's "original and exclusive jurisdiction." Because the governing statute refers to the juvenile court's "original and exclusive jurisdiction," we refer to the juvenile court's "jurisdiction."

11

*Great River Energy v. Swedzinski*, 860 N.W.2d 362, 364 (Minn. 2015) (stating that we cannot add words to a statute that were intentionally or inadvertently omitted). "[W]hen a question of statutory construction involves a failure of expression rather than an ambiguity of expression, courts are not free to substitute amendment for construction and thereby supply the omissions of the legislature." *In re E.M.B.*, 987 N.W.2d 597, 601 (Minn. App. 2023) (quotation omitted); *Reiter v. Kiffmeyer*, 721 N.W.2d 908, 911 (Minn. 2006) ("[W]e will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently.").

This matter is a permanency proceeding. Thus, it is governed by sections 260C.503-.521.[5] The juvenile court has "original and exclusive jurisdiction in proceedings concerning . . . permanency matters under sections 260C.503 to 260C.521." Minn. Stat. § 260C.101, subd. 2(2). Minnesota Statutes sections 260C.503-.521 create a framework for permanency dispositions, including the transfer of permanent legal and physical custody. *See* Minn. Stat. § 260C.515, subd. 4.

When, as here, there is a prior transfer of physical and legal custody of a child to a relative, the court "may" retain jurisdiction "over . . . the parents or guardian of the child [and] the child . . . for purposes of ensuring appropriate services are delivered to the child . . . [and] for the purpose of ensuring conditions ordered by the court related to the care and custody of the child are met." Minn. Stat. § 260C.515, subd. 4(e)(3). Father filed his

---

[5] Under section 260C.515, subdivision 4(b), the juvenile court must "follow the standards applicable under this chapter and chapter 260, and the procedures in the Minnesota Rules of Juvenile Protection Procedure." Minn. Stat. § 260C.515, subd. 4(b).

motion under Minnesota Statutes section 260C.521, subdivision 2(a). Under that provision, "[a]n order for a relative to have permanent legal and physical custody of a child may be modified using standards under sections 518.18 and 518.185." Section 518.18 governs motions to modify custody. The only references to child support in section 518.18 are not relevant here.[6] And section 518.185 does not mention child support. Thus, the relevant statutes are sufficiently clear for us to conclude that the grant of original and exclusive jurisdiction to the juvenile court over proceedings concerning permanency matters under sections 260C.503 to .521 does not include jurisdiction to address child support when the conditions described in section 518.18(f) are not satisfied.

Nothing in chapter 518A, which governs child support, alters this conclusion. Chapter 518A mentions chapter 260C three times. None of those references are relevant here.[7] And Minnesota Statutes section 518A.39, subdivision 2, which addresses

---

[6] Section 518.18(f) states:

> If a parent has been granted sole physical custody of a minor and the child subsequently lives with the other parent, and temporary sole physical custody has been approved by the court or by a court-appointed referee, the court may suspend the obligor's child support obligation pending the final custody determination. The court's order denying the suspension of child support must include a written explanation of the reasons why continuation of the child support obligation would be in the best interests of the child.

Here, because permanent legal and physical custody was granted to father, and the children continue to reside with him, Minnesota Statutes section 518.18(f) does not apply.

[7] Chapter 518A mentions chapter 260C regarding: (1) the ability of a public authority to take the action of redirection of basic support, medical support, and childcare support to

13

modification of support, does not mention or incorporate the permanency provisions under

Minnesota Statutes sections 260C.503-.521. Similarly, the permanency provisions do not

mention or incorporate Minnesota Statutes section 518A.39, subdivision 2 (2024).[8] Thus,

these statutes do not alter our conclusion that jurisdiction to address child support is not

part of the juvenile court's jurisdiction over permanency proceedings under the

permanency provisions.

Here, the juvenile court had original and exclusive jurisdiction over the permanency

matter pursuant to the applicable authorities. The 2019 order transferring permanent legal

and physical custody—which is not before us—set child support at $0.[9] Under Minnesota

Statutes section 260C.515, subdivision 4(e)(3), the juvenile court retained jurisdiction

---

caregiver under a voluntary placement agreement without the necessity of obtaining an order from any judicial or administrative tribunal pursuant to section 260C.227 (2024), (2) administrative redirection of support under an out-of-home placement plan pursuant to section 260C.212, subdivision 1a (2024), and (3) redirection of support determined not to be in the best interests of the child under section 260C.331, subdivision 1 (2024). *See* Minn. Stat. § 518A.26, subd. 18 (defining "public authority"); *see also* Minn. Stat. §§ 518A.46, subd. 5(a)(9), 7. This case does not involve a redirection of child support. Thus, these provisions are not relevant here.

[8] Minnesota Statutes section 518A.39, subdivision 2, provides that, following the issuance of a child support order under *chapter 518A* (child support) or *chapter 518* (marriage dissolution), "the court may from time to time, on motion of either of the parties . . . modify the order respecting the amount of support money or medical support, and the payment of it . . . and may make an order respecting these matters which it might have made in the original proceeding, except as herein otherwise provided." Minn. Stat. § 518A.39, subd. 2 (*emphasis added*).

[9] There was no appeal of that order. *See Dieseth v. Calder Mfg. Co.*, 147 N.W.2d 100, 103 (Minn. 1966) (stating that "[e]ven though the decision of the trial court in the first order may have been wrong, if it is an appealable order it is still final after the time for appeal has expired"); *T.M.A.*, 11 N.W.3d at 360 (citing *Dieseth* in an appeal involving a transfer of permanent legal and physical custody).

14

solely "for purposes of ensuring appropriate services are delivered to the child" and for ensuring compliance with conditions related to the child's care and custody. Under the express terms of the 2019 order, the juvenile court retained jurisdiction only to modify custody and parenting time and explicitly stated that juvenile jurisdiction was otherwise terminated. The order further provided that "[a]ny motion to modify this Order, other than a motion to modify child support, shall be filed in this file in juvenile court pursuant to Minn. R. Juv. Prot. P. 42.07, subd. 4."

When the juvenile court terminated its jurisdiction in the October 2019 order, father could have sought a modification of child support in the family court case, as the juvenile court no longer retained exclusive jurisdiction following the transfer of permanent legal and physical custody to a relative. This conclusion is supported by the order transferring permanent legal and physical custody to a relative, which expressly provided that "[a]ny motion to modify this Order, other than a motion to modify child support, shall be filed in this file in juvenile court pursuant to Minn. R. Juv. Prot. P. 42.07, subd. 4." (Emphasis added). Child support was originally established in the parties' judgment and decree in the family court action, and that court's jurisdiction was suspended during the pendency of the juvenile-protection proceedings. Once the juvenile court expressly terminated its jurisdiction in the order transferring permanent legal and physical custody, jurisdiction over child support reverted to the family court. Accordingly, father's request to modify child support should have been brought in the family court case, not in the juvenile court case, and the juvenile court exceeded its jurisdiction when it modified child support in this post-

permanency proceeding. We therefore reverse the portion of the district court's order modifying child support.

## DECISION

The district court did not abuse its discretion in modifying the parenting-time provision of the transfer of custody order. The juvenile court properly considered all relevant factors in determining that the modified parenting-time schedule was in the best interests of the children, as required by Minnesota Statutes section 260C.511. Moreover, the juvenile court's findings are supported by the record and are not clearly erroneous. However, the juvenile court erred in modifying child support in this post-permanency proceeding. Chapter 260C does not grant the juvenile court jurisdiction over child support, there are no provisions in Chapter 518 (marriage dissolution) or Chapter 518A (child support) that grant the juvenile court jurisdiction. Therefore, because district court did not abuse its discretion in modifying the parenting-time, and a juvenile court lacks jurisdiction to address child support in a post-permanency proceeding we affirm in part and reverse in part.

**Affirmed in part and reversed in part.**